# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. _____

John Pinson,

      Plaintiff

vs

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,**

a financial institution,

      Defendant/

**TRIAL BY JURY DEMANDED**

## VERIFIED COMPLAINT

Plaintiff, John Pinson, hereby sues Defendant JPMORGAN CHASE BANK,

NATIONAL ASSOCIATION for his Complaint and does allege:

## PRELIMINARY STATEMENT

1. This is an action brought for damages from Defendant's violations of the Fair Credit

   Reporting Act (FCRA) 15 U.S.C. §1681 et seq.; for damages from Defendant's violations of

   the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and, for damages

   from Defendant's violations of the Florida Consumer Collection Practices Act (FCCPA)

   FLA. STAT. §559 (Part VI); and for declaratory and injunctive relief.

2. Upon belief and information, Plaintiff contends these practices of Defendant are widespread.

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing the

   Plaintiff in attempts to collect an alleged debt and knowingly making false representations

   and false assertions in relation to the alleged debt, by furnishing false and erroneous

   information to consumer reporting agencies, and by using false pretenses to obtain

   information on Plaintiff from consumer reporting agencies.

4. This is not Defendant's first attempt to illegally collect this alleged debt from Plaintiff.

## JURISDICTION & VENUE

5. This Court has Jurisdiction under: 15 U.S.C. §1681p; 15 U.S.C. § 1692k(d); 28 U.S.C. §1331, §1337, and §1367; and Fla. Stat. §47.05, and §559.77. Venue is proper in that the Defendant transacted business in Florida and in this District, and the Plaintiff resides here.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. The Plaintiff, John Pinson ("Pinson"), a natural person, is a resident and citizen of the State of Florida, Palm Beach County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), § 1692a(3); and Fla. Stat. § 559.55(2), § 501.203(7).

8. Defendant JPMorgan Chase Bank, National Association ("CHASE"), upon information and belief is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) ;

9. Defendant is a "person" as that term is defined by 15 U.S.C. § 1681a(b);

10. Defendant is a "furnisher of information", pursuant to 15 U.S.C. § 1681 et sec of the FCRA, to the national consumer reporting agencies.

11. Defendant regularly uses the instrumentality of mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant regularly collects or attempts to collect debts alleged to be due another.

13. Defendant regularly collects or attempts to collect debts from consumers.

14. At all times material to the allegations of this Complaint, Defendant was acting as debt collector with respect to Plaintiff's alleged debt but nonexistent debt with Defendant.

15. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

16. Any alleged debt herein is defined as a consumer debt under 15 U.S.C. § 1962a(5).

## FACTUAL ALLEGATIONS

17. The Defendant is a "Debt Collector" located within the United States of America, and as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq.

18. The Defendant is a "furnisher of information" and a "person" located within the United States of America, and as such is governed under the law by the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq.

19. The Defendant is a "Debt Collector" located within the United States of America and reached into and acted in the State of Florida, and as such is governed under the law by the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

20. At all times relevant to this complaint Plaintiff was a resident of the United States, State of Florida, County of Palm Beach.

21. The State of Florida abides by and adheres to these laws. Specifically the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act 15 U.S.C. §1692, et sec. and also the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and as such the Defendants are governed under these laws.

22. Alleged debt is not in question here. What is in question here are facts as to how it was or was not validated and wrongful actions of the Defendant in an attempts: to collect the alleged debt, to obtain consumer reports on the Plaintiff, and to obtain information on the Plaintiff from the national consumer reporting agencies, violated rights of the Plaintiff and the laws as

outlined in the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 et seq., the Fair Debt

Collections Practices Act, 15 U.S.C. § 1692, et seq., and, the Florida Consumer Collection

Practices Act ("FCCPA") Fla. Stat. §559 et sec.

23. A "communication" is defined by § 1692a(2) as follows: "The term "communication" means

the conveying of information regarding a debt directly or indirectly to any person through

any medium."

24. Any communications in question here are all related to the collection of a consumer debt.

25. Any communications in question here evidence Plaintiff has been the object of the collection

activity of CHASE.

26. Any communications in question here evidence CHASE utilized a business, company, or

organization name other than its true name, JPMorgan Chase Bank NA, while conveying

information regarding an alleged debt.

27. Any communications in question here evidence CHASE utilized a business, company, or

organization name other than its true name, JPMorgan Chase Bank NA, while furnishing

information regarding an alleged debt to a consumer reporting agency.

28. The furnishing of information to a consumer reporting agency is a "communication" as that

term is defined by § 1692a(2).

29. Regarding Plaintiff's consumer file, during the past 12 months CHASE communicated to

national consumer reporting agencies false and erroneous information regarding a debt which

CHASE knew or should have known was false.

30. Regarding Plaintiff's consumer file, during the past 12 months CHASE furnished false and

erroneous information to national consumer reporting agencies regarding a debt which

CHASE knew or should have known was false.

31. Chase did obtain consumer reports on Plaintiff from national consumer reporting agencies CHASE without a "permissible purpose" as that term is defined by §1681b.

32. To obtain consumer reports on Plaintiff from national consumer reporting agencies CHASE falsely certified its true identity.

33. CHASE utilized a business, company, or organization name other than its true name, JPMORGAN CHASE BANK NA, to obtain consumer reports on Plaintiff from national consumer reporting agencies.

34. CHASE did obtain information on Plaintiff from national consumer reporting agencies CHASE under "false pretenses" contrary to §1681q.

35. To obtain information on Plaintiff from national consumer reporting agencies CHASE falsely certified its true identity

36. CHASE utilized a business, company, or organization name other than its true name, JPMORGAN CHASE BANK NA, to obtain information on Plaintiff from national consumer reporting agencies.

37. The parties in this action were involved in previous litigation in this court: Pinson v. JPMorgan Chase Bank NA et al. Case No.: 9:13-cv-80720 KAM and the action contained one FDCPA count for which the Court ruled with summary judgment [DE 126, 127] in favor of the Defendant on March 23, 2015.

38. The operative fact giving rise to the alleged FDCPA violations in the instant complaint occurred on April 30, 2015, after judgment in the previous action, and this action has a separate and distinct nucleus of operative facts from the previous action.

39. On or about May 29, 2012, the Plaintiff obtained a copy of his TransUnion consumer report showing a Chase Home Finance LLC trade line as past due with updated information furnished on April 30, 2015.

40. Plaintiff does not have an account with Chase Home Finance LLC.

41. No other entity was referenced on the trade line but Chase Home Finance LLC.

42. The trade line should have reported as JPMORGAN CHASE BANK NA.

43. On or about July 28, 2012, in a letter sent to the Defendant, the Plaintiff disputed the debt and demanded validation.

44. On or about July 31, 2012, the Plaintiff disputed the reporting of the Chase Home Finance LLC trade line to TransUnion because he did not have an account with Chase Home Finance LLC.

45. On or about August 10, 2012, the Plaintiff received a copy of Trans Union's investigation results, which indicated the Chase Home Finance LLC trade line was continuing to report as a past due on his TransUnion consumer report.

46. On or about September 15, 2012, in a letter sent to the Defendant, the Plaintiff again disputed the debt and demanded validation.

47. In 2013 Plaintiff sent at least four letters to Defendant disputing the information in further attempts to gain correct information.

48. On or about April 15, 2014, the Plaintiff disputed the reporting of the Chase Home Finance LLC trade line to TransUnion as inaccurate because he did not have an account with Chase Home Finance LLC and requested the source of the information.

49. On or about June 3, 2014, the Plaintiff received a copy of Trans Union's investigation results, which indicated the Chase Home Finance LLC trade line was continuing to report as a past due on his TransUnion consumer report.

50. On or about June 4, 2014, the Plaintiff obtained a copy of his TransUnion consumer report showing the Chase Home Finance LLC trade line as past due.

51. On or about June 10, 2014 the Plaintiff disputed the reporting of the Chase Home Finance LLC trade line to TransUnion demanding the trade line be properly verified or removed immediately under § 1681i.

52. Thereafter, Plaintiff received a copy of Trans Union's investigation results, which indicated the Chase Home Finance LLC trade line was continuing to report as a past due on his TransUnion consumer report.

53. On or about May 29, 2015, the Plaintiff obtained a copy of his TransUnion consumer report showing the Chase Home Finance LLC trade line as past due.

54. Plaintiff contends that during the past 12 months CHASE communicated and furnished false and erroneous information to national consumer reporting agency TransUnion regarding a debt which CHASE knew or should have known was false.

55. The May 29, 2015 TransUnion consumer report indicated the Chase Home Finance LLC trade line information update was furnished on April 30, 2015.

56. The report falsely and erroneously listed Chase Home Finance LLC on the trade line.

57. JPMorgan Chase Bank NA and Chase Home Finance LLC are distinctly different and separately incorporated legal entities.

58. Plaintiff contends JPMorgan Chase Bank NA used a name other than its true name.

59. CHASE has represented itself in written communications as Plaintiff's creditor.

60. The false and erroneous information communicated on April 30, 2015 in the trade line update violated of the FDCPA.

61. CHASE has during the past 12 months by communicating credit information about the Plaintiff which Defendant knew or should have known was false.

62. The violation is material in that Plaintiff relies on the accuracy of his consumer reports for access to credit and insurance.

63. CHASE has violated § 1692e(14) during the past 12 months by the use of any business, company, or organization (Chase Home Finance LLC) name other than the true name of the debt collector "JPMorgan Chase Bank NA".

64. Use of another name falsely suggest the involvement of third party debt collectors.

65. The FCRA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

66. Despite Plaintiff's repeated disputes sent to TransUnion and TransUnion's investigation and re-investigation of the dispute with Defendants, the Defendants continued to communicate false and erroneous information to consumer reporting agency TransUnion.

67. Despites Plaintiffs repeated disputes of the debt with CHASE, the Defendant continued to communicate false and erroneous information to consumer reporting agency TransUnion.

68. Reporting debts to consumer reporting agencies is one of the most commonly-used arrows in the debt collector's quiver and to do so is to engaged in "collection of the debt".

69. Chase, by after receiving written notification from the Plaintiff that the debt was disputed, CHASE failed to cease collection of the debt, or any disputed portion thereof. Specifically, the Defendant continued to report the disputed debt on the Plaintiff's credit reports in an effort to collect the debt.

70. A single FDCPA violation is sufficient to support judgment for the consumer Plaintiff.

71. As a proximate result of CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

72. CHASE has furnished erroneous and inaccurate information about Plaintiff to consumer reporting agency TransUnion.

73. The false and erroneous information furnished by CHASE on April 30, 2015 and earlier dates in trade line updates violated of the FCRA

74. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, CHASE failed to fully and properly investigate the Plaintiff's disputes regarding the trade line, and/or by reporting inaccurately the results of such investigation.

75. Despite Plaintiff's repeated disputes sent to TransUnion and TransUnion's investigation and re-investigation of the dispute with Defendants, the Defendants continued to furnish false and erroneous information to consumer reporting agency TransUnion.

76. Despites Plaintiffs repeated disputes of the debt with CHASE, the Defendant continued to furnish false and erroneous information to consumer reporting agency TransUnion.

77. Because of the investigations and disputes the consumer reporting agency had with CHASE, the defendant had knowledge of and was knowingly furnishing false and erroneous information to the consumer reporting agency.

78. Because of the written disputes letters sent by Plaintiff to CHASE, the Defendant had knowledge of and was knowingly furnishing false and erroneous information to the credit reporting agency.

79. Because CHASE failed to correct the information it furnished and continued to furnish false and erroneous information, CHASE acted with reckless disregard.

80. Reckless disregard of a requirement of FCRA qualify as a willful violation of FCRA.

81. Because Chase had knowledge the information was disputed as inaccurate, its action of continuing to furnish false and erroneous information to the credit reporting agency was a willful and knowing act.

82. Because Chase entered into subscriber agreements with the national consumer reporting agencies, CHASE knew or should have known the rules, regulations, requirements and policies imposed on them through the subscriber agreement and yet continued its action of furnishing false and erroneous information to the credit reporting agency which was a willful and knowing act.

83. Chase acted with reckless disregard of the requirements of the FCRA.

84. Chase knowingly and willfully failed to comply with requirements of the FCRA.

85. CHASE failed to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendant had provided to consumer reporting agencies.

86. CHASE failed to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff.

87. CHASE failed to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

88. CHASE failed to conduct an investigation as to the accuracy of the information reported by the Defendant to consumer reporting agencies.

89. CHASE failed to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

90. CHASE reported inaccurate, incomplete, false, and misleading results of the investigation, if any, to consumer reporting agencies.

91. CHASE failed to notify all consumer reporting agencies that the reporting of the Defendants' account was inaccurate, incomplete, false, and misleading.

92. CHASE failed to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

93. CHASE continued to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

94. CHASE Failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

95. CHASE's acted with reckless disregard of the requirements of the FCRA.

96. CHASE, willfully, wantonly, recklessly, and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large.

97. CHASE's statements subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's reputation, and caused the Plaintiff mental anguish and emotional distress.

98. CHASE's communications were false in that Plaintiff was not indebted to CHASE HOME FINANCE LLC and Plaintiff did not owe any balance to Chase Home Finance LLC.

99. CHASE's false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

100.   CHASE communicated to third parties and the public at large false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

101.   At the time said communications were made, Defendant, CHASE knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

102.   As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and the public, and/or was subjected to ridicule.

103.   CHASE held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff to third parties including the national credit reporting media by either speaking or writing false and erroneous undesirable and negative character and credit reputation remarks about the Plaintiff which were offensive, untrue, and inaccurate.

104.   The conduct of CHASE was objectionable to the Plaintiff and to any reasonable person.

105.   CHASE's actions were negligent, willful or reckless and resulted in the Plaintiff being unreasonably placed in a false light.

106.   The Plaintiff had previously advised CHASE that the account was disputed.

107.   Due to CHASE reporting of false and fraudulent information concerning the Plaintiff, the Plaintiff was caused to have negative credit reports, was denied credit, held up to public ridicule, shame, and humiliated.

108.   CHASE knew or should have known of its inadequate training and supervision.

109.   If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

110.   CHASE knew or should have known that the conduct of its employees, agents, affiliates, and/or assigns was improper.

111.   CHASE negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

112.   CHASE recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

113.   As a proximate result of CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

114.   Defendant, CHASE, violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report from Experian without a permissible purpose as defined by 15 U.S.C. §1681b multiple times.

115.   Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

116.   Each and every occasion Chase obtained Plaintiff's consumer report from Experian without a permissible purpose is a separate violation of § 1682b(f).

117.   Obtaining a consumer report from Experian during litigation for trial preparation or as a discovery tool is not a permissible purpose as defined by §1681b.

118.    At all times relevant to the violations of § 1681b(f) the parties were actively engaged in litigation.

119.    The known dates Chase obtained Plaintiff's consumer report from Experian without a permissible purpose are as follows but not limited to:

| Date | Entity 1 | Entity 2 |
|---|---|---|
| May 10, 2013 | Chase MTG | |
| June 10, 2013 | Chase MTG | |
| July 10, 2013 | Chase Bank USA NA | Chase MTG |
| August 9, 2013 | Chase Bank USA NA | Chase MTG |
| September 10, 2013 | Chase MTG | |
| October 9, 2013 | Chase Bank USA NA | Chase MTG |
| October 25, 2013 | Chase Bank USA NA | |
| November 14, 2013 | Chase MTG | |
| November 15, 2013 | Chase Bank USA NA | |
| December 10, 2013 | Chase Bank USA NA | Chase MTG |
| January 10, 2014 | Chase Bank USA NA | Chase MTG |
| February 10, 2014 | Chase MTG | |
| February 21, 2014 | Chase Bank USA NA | |
| March 11, 2014 | Chase MTG | |
| March 17, 2014 | Chase Bank USA NA | |
| May 15, 2014 | Chase Bank USA NA | |
| June 11, 2014 | Chase Bank USA NA | |
| July 11, 2014 | Chase Bank USA NA | |
| September 11, 2014 | Chase Bank USA NA | |
| October 13, 2014 | Chase Bank USA NA | Chase MTG |

120.    The dates noted supra indicate the name of the entity listed on the report as obtaining Plaintiff's consumer report. Where two names are listed, the name of the inquiring company first appeared as Chase Bank USA NA and the name was changed to CHASE MTG at a later date.

121.    Plaintiff became aware of these changes and apparent manipulation of data in his
Experian consumer information after examining his reports in January of 2016.

122.    It is unknown why the record of the inquiries was changed from one entity to another.

123.    By way of reference, a trade line appeared on Plaintiff's Experian consumer report as
"Chase" prior to 2015 and after the start of 2015 the trade line changed to "CHASE MTG".

124.    It is unknown why the record of the trade line was changed from one entity to another.

125.    Further, by way of reference, a trade line for an account that was closed in 2006 and
listed on Plaintiff's Experian consumer report appeared as "Chase Manhattan Mortgage"
prior to 2015 and after the start of 2015 the trade line changed to "CHASE MTG".

126.    It is unknown why the record of the trade line closed in 2006 was changed from one
entity to another on or about the start of 2015, and Chase Manhattan Mortgage had ceased to
exist prior to when the change occurred.

127.    Plaintiff alleged CHASE caused the records to be changed by manipulating the system
data.

128.    Plaintiff alleged CHASE knowingly and willfully caused the records to be changed by
manipulating the system data with reckless disregard of the requirements of the FCRA.

129.    CHASE failed to certify as the user of the report Defendant's true identity to Experian.

130.    CHASE  masqueraded as CHASE BANK USA NA in its certification of identity to
Experian to obtain the report on Plaintiff.

131.    CHASE masqueraded as CHASE MTG in its certification of identity to Experian to
obtain the report on Plaintiff.

132.    CHASE failed to certify as the user of the report the true purpose for which the
information is sought to Experian.

133.   CHASE failed to certify as the user of the report that the information will be used for no other purpose to Experian.

134.   At no time did Plaintiff give his consent for CHASE to acquire his consumer report from any consumer reporting agency using the names CHASE BANK USA NA or CHASE MTG.

135.   The actions of Defendant obtaining the consumer report of the Plaintiff with no permissible purpose was a willful and an egregious violation of Plaintiff's right to privacy.

136.   At no time has CHASE ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

137.   Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums and limiting his access to credit products.

138.   As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

139.   Plaintiff is entitled to recover damages for each violation where CHASE obtained his consumer report without permissible purpose.

140.   CHASE violated 15 U.S.C. §1681q by obtaining information on Plaintiff from Experian under false pretenses.

141.   Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

142.    Each and every occasion Chase obtained information on Plaintiff from Experian under false pretenses is a separate violation of § 1682q.

143.    Obtaining information on Plaintiff from Experian during litigation for trial preparation or as a discovery tool is a violation of 1681q.

144.    Obtaining a consumer report from Experian during litigation for trial preparation or as a discovery tool is not a permissible purpose as defined by §1681b.

145.    At all times relevant to the violations of § 1681q the parties were actively engaged in litigation.

146.    The known dates Chase obtained information on Plaintiff from Experian under false pretenses are as follows but not limited to:

| | | |
|---|---|---|
| May 10, 2013 | Chase MTG | |
| June 10, 2013 | Chase MTG | |
| July 10, 2013 | Chase Bank USA NA | Chase MTG |
| August 9, 2013 | Chase Bank USA NA | Chase MTG |
| September 10, 2013 | Chase MTG | |
| October 9, 2013 | Chase Bank USA NA | Chase MTG |
| October 25, 2013 | Chase Bank USA NA | |
| November 14, 2013 | Chase MTG | |
| November 15, 2013 | Chase Bank USA NA | |
| December 10, 2013 | Chase Bank USA NA | Chase MTG |
| January 10, 2014 | Chase Bank USA NA | Chase MTG |
| February 10, 2014 | Chase MTG | |
| February 21, 2014 | Chase Bank USA NA | |
| March 11, 2014 | Chase MTG | |
| March 17, 2014 | Chase Bank USA NA | |
| May 15, 2014 | Chase Bank USA NA | |
| June 11, 2014 | Chase Bank USA NA | |
| July 11, 2014 | Chase Bank USA NA | |

September 11, 2014   Chase Bank USA NA

October 13, 2014    Chase Bank USA NA      Chase MTG

147.   CHASE showed reckless disregard of a requirement of the FCRA when it obtained information on Plaintiff from Experian under false pretenses.

148.   CHASE masqueraded as CHASE BANK USA NA in its certification of identity to Experian to obtain information on Plaintiff.

149.   CHASE masqueraded as CHASE MTG in its certification of identity to Experian to obtain information on Plaintiff.

150.   CHASE knowingly and willfully made false representations to Experian to obtain information on Plaintiff.

151.   CHASE failed to disclose it's true motivation in obtaining information on Plaintiff to Experian.

152.   CHASE knowingly and willfully obtained information on Plaintiff from Experian for use in litigation.

153.   CHASE knowingly and willfully obtained information on Plaintiff from Experian for a purpose that is not sanctioned by the FCRA.

154.   CHASE acted with reckless disregard of requirements of the FCRA.

155.   As a proximate result of CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

156.   Defendant's alleged violations are ongoing.

## COUNT # 1

### FAIR DEBT COLLECTIONS PRACTICES ACT

157.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 156 hereinbefore as if fully set forth herein.

158.    Defendant, CHASE is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

159.    Plaintiff, John Pinson, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

160.    Defendant, CHASE, has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff and his alleged consumer debt.

161.    Defendant, CHASE, violated 15 U.S.C. §1692e by using false, deceptive and misleading representations or means in connection with the collection of the alleged debt from the Plaintiff.

162.    As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

163.    The Defendant is liable to the Plaintiff for his actual damages sustained, statutory damages, costs, and reasonable attorney's fees (if any) as provided for by 15 U.S.C. §1692k.

## COUNT # 2

### FAIR DEBT COLLECTIONS PRACTICES ACT

164.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 163 hereinbefore as if fully set forth herein.

165.    Defendant, CHASE is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

166.    Plaintiff, John Pinson, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

167.    Defendant, CHASE, has engaged in collection activities and practices in violation of the
Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the
Plaintiff and his alleged consumer debt.

168.    Defendant, CHASE, has violated §1692e(14) during the past 12 months by the use of any
business, company, or organization name other than the true name of the debt collector's
business, company, or organization while furnishing information to a consumer reporting
agency about Plaintiff.

169.    Defendant, CHASE, has violated §1692e(10) during the past 12 months by using false
representation or deceptive means to obtain information from a consumer reporting agency
on Plaintiff.

170.    Defendant, CHASE, has violated §1692e(10) during the past 12 months by using false
representation or deceptive means to collect or attempt to collect any debt from Plaintiff.

171.    Defendant, CHASE, has violated §1692e(8) during the past 12 months by communicating
consumer information about the Plaintiff which Defendant knew or should have known was
false.

172.    In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff
that the debt was disputed, Defendant, CHASE, failed to cease collection of the debt, or any
disputed portion thereof. Specifically, the Defendant continued to report the disputed debt on
the Plaintiff's credit reports in an effort to collect the debt.

173.    As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff
was caused to suffer actual damages for damage to his credit and credit reputation, worry,

humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and

mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

174.    The Defendant is liable to the Plaintiff for his actual damages sustained, statutory

damages, costs, and reasonable attorney's fees (if any) as provided for by 15 U.S.C. §1692k.

### COUNT # 3

### FAIR CREDIT REPORTING ACT

175.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 174

hereinbefore as if fully set forth herein.

176.    Defendant, CHASE, is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

177.    Plaintiff, John Pinson, is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

178.    TransUnion is a "consumer reporting agency" as that term is defined in 15 U.S.C. §

1681a(f).

179.    Defendant is a "furnisher of information" pursuant to 15 U.S.C. § 1681 et sec.

180.    Defendant, CHASE, has furnished erroneous and inaccurate information about Plaintiff

to consumer reporting agency TransUnion.

181.    On one or more occasions within the two years prior to the filing of this suit, by example

only and without limitation, CHASE violated the Fair Credit Reporting Act, 15 U.S.C.

§1681s-2(b) by failing to fully and properly investigate the Plaintiff's disputes regarding the

trade line, and/or by reporting inaccurately the results of such investigation.

182.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an

investigation after receiving notice that the Plaintiff disputed the information said Defendant

had provided to a consumer reporting agency.

183.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff.

184.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

185.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by the Defendant to consumer reporting agencies.

186.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

187.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(c) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to consumer reporting agencies.

188.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendants' account was inaccurate, incomplete, false, and misleading.

189.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b)(1)(E)(ii) by failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

190.    Defendant, CHASE, violated 15 U.S.C. §1681s-2(b) (1)(E)(iii) by continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

191.    Defendant, CHASE, Failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

192.    As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

193.    CHASE's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, CHASE was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

194.    Plaintiff is entitled to receive damages for each violation where CHASE furnished false and erroneous information to the consumer reporting agency regarding Plaintiff.

195.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees (if any) from CHASE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT # 4

### DEFAMATION, LIBEL AND SLANDER

196.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 195 hereinbefore as if fully set forth herein.

197.    Defendant, CHASE, willfully, wantonly, recklessly, and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large. Said statements subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's reputation, and caused the Plaintiff mental anguish and emotional distress.

198.    Said communications were false in that Plaintiff was not indebted to CHASE HOME

FINANCE LLC and Plaintiff did not owe any balance to Chase Home Finance LLC.

199.    Said false and defamatory statements have harmed the reputation of the Plaintiff and/or

deterred third persons from associating with the Plaintiff.

200.    Defendant, CHASE communicated to third parties and the public at large false

information concerning the Plaintiff, disseminating and imputing false and misleading credit

worthiness information concerning the Plaintiff.

201.    At the time said communications were made, Defendant, CHASE knew, or should have

known, the falsity of the communication or recklessly disregarded the potential inaccuracy of

the information, yet knowingly, willfully and maliciously communicated the falsity.

202.    As a result of the intentional communication to the third parties of the false information,

the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and

the public, and/or was subjected to ridicule.

203.    As a proximate consequence of said defamation, libel and slander, the Plaintiff was

caused to endure collection activities and harassment by debt collectors, to have negative

credit reports, to be held up to public ridicule or shame, denied credit, and made to suffer

humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish

for which he claims compensatory and punitive damages.

## COUNT # 5

## PLACED IN A FALSE LIGHT

204.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 203

hereinbefore as if more fully set forth herein.

205.    The Defendant held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff to third parties including the national credit reporting media by either speaking or writing false and erroneous undesirable and negative character and credit reputation remarks about the Plaintiff which were offensive, untrue, and inaccurate.

206.    The conduct of the Defendant was objectionable to the Plaintiff and to any reasonable person. The Defendant's actions were negligent, willful or reckless and resulted in the Plaintiff being unreasonably placed in a false light. The Plaintiff had previously advised the Defendant that the account was disputed.

207.    Due to the Defendant reporting of false and fraudulent information concerning the Plaintiff, the Plaintiff was caused to have negative credit reports, was denied credit, held up to public ridicule, shame, and humiliated.

208.    As a proximate consequence of being placed in a false light, the Defendant have caused the Plaintiff to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental pain and anguish.

## COUNT # 6

## NEGLIGENT TRAINING AND SUPERVISION

209.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 208 hereinbefore as if fully set forth herein.

210.    Defendant, CHASE knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

211.   Defendant, CHASE knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

212.   Defendant, CHASE negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

213.   As a result of the Defendant, CHASE's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

### COUNT # 7

### RECKLESS AND WANTON TRAINING AND SUPERVISION

214.   The Plaintiff adopts the averments and allegations of paragraphs 7 through 213 hereinbefore as if fully set forth herein.

215.   Defendant, CHASE, knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

216.   Defendant, CHASE knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

217.   Defendant, CHASE recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

218.   As a result of the Defendant, CHASE's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT # 8

## FAIR CREDIT REPORTING ACT

219.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 218 hereinbefore as if fully set forth herein.

220.    Defendant, CHASE, violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

221.    Defendant, CHASE, violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose on the following dates:

> May 10, 2013
> June 10, 2013
> July 10, 2013
> August 9, 2013
> September 10, 2013
> October 9, 2013
> October 25, 2013
> November 14, 2013
> November 15, 2013
> December 10, 2013
> January 10, 2014
> February 10, 2014
> February 21, 2014
> March 11, 2014
> March 17, 2014
> May 15, 2014
> June 11, 2014
> July 11, 2014
> September 11, 2014
> October 13, 2014

222.   Defendant, CHASE, is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

223.   Plaintiff, John Pinson, is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

224.   Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

225.   Defendant, CHASE, violated 15 U.S.C. §1681(f) by failing to certify as the user of the report Defendant's true identity to Experian.

226.   Defendant, CHASE, violated 15 U.S.C. §1681(f) by masquerading as CHASE BANK USA NA in it's certification of identity to Experian to obtain the report on Plaintiff.

227.   Defendant, CHASE, violated 15 U.S.C. §1681(f) by masquerading as CHASE MTG in it's certification of identity to Experian to obtain the report on Plaintiff.

228.   Defendant, CHASE, violated 15 U.S.C. §1681(f) by failing to certify as the user of the report the purposes for which the information is sought to Experian.

229.   Defendant, CHASE, violated 15 U.S.C. §1681(f) by failing to certify as the user of the report that the information will be used for no other purpose to Experian.

230.   At no time did Plaintiff give his consent for CHASE to acquire his consumer report from any consumer reporting agency using the names CHASE BANK USA NA or CHASE MTG.

231.   The actions of Defendant obtaining the consumer report of the Plaintiff with no permissible purpose was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

232.   At no time has CHASE ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

233.    Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums and limiting his access to credit products.

234.    As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

235.    CHASE's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, CHASE was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

236.    Plaintiff is entitled to recover damages for each violation where CHASE obtained his consumer report without permissible purpose.

237.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees (if any) from CHASE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT # 9

### FAIR CREDIT REPORTING ACT

238.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 237 hereinbefore as if fully set forth herein.

239.    Defendant, CHASE, violated 15 U.S.C. §1681q by obtaining information on Plaintiff from Experian under false pretenses.

240.    Defendant, CHASE, violated 15 U.S.C. §1681q by obtaining information on Plaintiff from Experian under false pretenses on the following dates:

May 10, 2013

June 10, 2013

July 10, 2013

August 9, 2013

September 10, 2013

October 9, 2013

October 25, 2013

November 14, 2013

November 15, 2013

December 10, 2013

January 10, 2014

February 10, 2014

February 21, 2014

March 11, 2014

March 17, 2014

May 15, 2014

June 11, 2014

July 11, 2014

September 11, 2014

October 13, 2014

241.   Defendant, CHASE, is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

242.   Plaintiff, John Pinson, is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

243.   Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

244.   Defendant, CHASE, showed reckless disregard of a requirement of the FCRA when it violated 15 U.S.C. §1681q by obtaining information on Plaintiff from Experian under false pretenses.

245.   Defendant, CHASE, violated 15 U.S.C. §1681q by masquerading as CHASE BANK
USA NA in it's certification of identity to Experian to obtain information on Plaintiff.

246.   Defendant, CHASE, violated 15 U.S.C. §1681q by masquerading as CHASE MTG in it's
certification of identity to Experian to obtain information on Plaintiff.

247.   Defendant, CHASE, violated 15 U.S.C. §1681q by knowingly and willfully making false
representations to Experian to obtain information on Plaintiff.

248.   Defendant, CHASE, violated 15 U.S.C. §1681q by failing to disclose it's true motivation
in obtaining information on Plaintiff to Experian

249.   Defendant, CHASE, violated 15 U.S.C. §1681q by knowingly and willfully obtaining
information on Plaintiff from Experian for use in litigation.

250.   Defendant, CHASE, violated 15 U.S.C. §1681q by knowingly and willfully obtaining
information on Plaintiff from Experian for a purpose that is not sanctioned by the FCRA.

251.   Defendant, CHASE's, acted with reckless disregard of requirements of the FCRA.

252.   As a proximate result of Defendant, CHASE's conduct, action, and inaction, the Plaintiff
was caused to suffer actual damages for damage to his credit and credit reputation, worry,
humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and
mental anguish. The Plaintiff was also caused to incur out of pocket expenses.

253.   Plaintiff is entitled to receive damages for each violation where CHASE furnished false
and erroneous information to the consumer reporting agency regarding Plaintiff.

254.   CHASE's conduct, action and inactions were willful, rendering it liable for punitive
damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the
alternative, CHASE was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

255.    Plaintiff is entitled to recover damages for each violation where CHASE obtained information on Plaintiff from Experian under false pretenses.

256.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees (if any) from CHASE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT # 10

## FLORIDA CONSUMER COLLECTION PRACTICES ACT

257.    The Plaintiff adopts the averments and allegations of paragraphs 7 through 256 hereinbefore as if fully set forth herein.

258.    Plaintiff is a consumer within the meaning of Fla. Stat. § 559.55(2).

259.    Defendant, CHASE, is a debt collectors within the meaning of Fla. Stat. § 559.55(6).

260.    Defendant, CHASE, violated Fla. Stat. §559.72(5) by communicating credit information about the Plaintiff to third parties which Defendant knew or should have known was false and in doing so negatively affecting Plaintiff's reputation.

261.    Defendant, CHASE, violated Fla. Stat. §559.72(7) by willfully communicating with Plaintiff in a manner any reasonable person would consider to harassing.

262.    Defendant, CHASE, violated Fla. Stat. §559.72(7) by willfully acting in a manner toward Plaintiff that any reasonable person would consider abusive and harassing.

263.    As a proximate result of Defendant, CHASE's actions, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. The Plaintiff was also caused to incur out of pocket expenses and may yet incur attorneys fees.

264.    The Plaintiff is entitled to recover actual damages, statutory damages, equitable and injunctive relief, costs and attorneys fees (if any) from CHASE in an amount to be determined by the Court pursuant to Fla. Stat. §559.77(2).

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE**, PREMISES CONSIDERED,  Plaintiff demands a judgment against the  Defendant,  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,  for the following:

A. Declaratory judgment that Defendant CHASE's conduct violated the FDCPA;

B. Actual damages for Defendant CHASE's violations of the FDCPA;

C. Statutory damages of $1,000 from Defendant, CHASE, pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney's fees (if any) pursuant to 15 U.S.C. § 1692k;

E. Actual damages from Defendant CHASE pursuant to 15 U.S.C. § 1681n(a)(1)(A);

F. Punitive damages from Defendant CHASE pursuant to 15 U.S.C. §1681n(a)(2);

G. Costs and reasonable attorney's fees (if any) pursuant to 15 U.S.C. §1681n(a)(3);

H. Actual damages from Defendant CHASE pursuant to 15 U.S.C. § 1681o(a)(1);

I. Costs and reasonable attorney's fees (if any) pursuant to 15 U.S.C. §1681o(a)(2);

J. Declaratory judgment that Defendant CHASE's conduct violated the FCCPA;

K. Actual damages for Defendant CHASE's violations of the FCCPA;

L. Statutory damages of $1,000 from Defendant, CHASE, pursuant to Fla. Stat. §559.77(2);

M. Equitable and injunctive relief pursuant to Fla. Stat. §559.77(2);

N. Costs and reasonable attorney's fees (if any) pursuant to Fla. Stat. §559.77(2);

O. Compensatory damages in the amount of $200,000.00 on Plaintiff's claims for

damages due to the Defendants' defamation, libel, slander, placement in a false light,

negligent training and supervision of employees; and reckless and wanton training and

supervision;

P. Punitive damages in an amount to be determined by a jury;

Q. For such other and further relief as the Court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury of all issues so triable as a

matter of law. U.S. Const. amend. 7. Fed.R.Civ.P. 38.


## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant has violated the Fair Debt Collection Practices Act,

The Fair Credit Reporting Act, and the Florida Consumer Collection Practices Act; and, Plaintiff

prays that judgment favorable to Plaintiff be entered against the Defendant in this action.

Dated: April 29, 2016          Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

*Service to:*

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

1111 POLARIS PARKWAY   - Delaware County

COLUMBUS, OH 43240

*c/o its Registered agent:*

C T Corporation System

1200 South Pine Island Road

Plantation, Florida 33324

## VERIFICATION

I, John Pinson, have read the foregoing complaint. The facts stated in the complaint are true.

_____        *April 29, 2016*
            John Pinson                          date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under

oath this ___29th___ day of April, 2016.

_____
Notary

My commission expires: _AUG 6 2017_            seal

DEBORAH S. GAMBARROTTI
Notary Public - State of Florida
My Comm. Expires Aug 6, 2017
Commission # FF 038814