UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:16-cv-80688-WJZ

JOHN PINSON,

    Plaintiff,
v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## MOTION TO DISMISS VERIFIED COMPLAINT

Defendant JPMorgan Chase Bank, N.A., by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff John Pinson's *Verified Complaint* (ECF No. 1), and in support thereof, states:

### I. INTRODUCTION

John Pinson is a serial *pro se* filer in the United States District Court for the Southern District of Florida, typically alleging violations of the Fair Credit Reporting Act (**FCRA**), Fair Debt Collection Practices Act (**FDCPA**), and/or Florida Consumer Collection Practices Act (**FCCPA**) against his creditors and, at times, the attorneys who represent them.[1] The latest chapter

---

[1]   *See Pinson v. JPMorgan Chase Bank, N.A.*, 2016 U.S. App. LEXIS 5683 (11th Cir., May 28, 2016);

*Pinson v. Albertelli Law Partners LLC*, 618 Fed. Appx. 551 (11th Cir., July 9, 2015);

*Pinson v. United Recovery Sys., LP*, Case No. 9:12-cv-80792-KAM, 2013 U.S. Dist. LEXIS 98372 (S.D. Fla., July 15, 2013);

*Pinson v. Monarch Recovery Mgmt.*, Case No. 9:12-cv-80480-KAM, 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. March 12, 2013);

*Pinson v. Collecto, Inc.*, Case No. 9:12-cv-80407-KLR (S.D. Fla. February 28, 2013);

*Pinson v. Capital Mgmt. Svcs., LP*, Case No. 9:12-cv-80732-KLR (S.D. Fla. March 4, 2013);

1

of Pinson's litigious odyssey lands defendant JPMorgan Chase Bank, N.A. (**Chase**) defending itself against a host of similarly frivolous statutory and common law claims in this litigation in connection with Chase's servicing of Pinson's mortgage loan, which is in default.  This is the second lawsuit Pinson has filed against Chase, and his 35-page, 264 paragraph shotgun pleading re-argues theories rejected by the Eleventh Circuit Court of Appeals in *Pinson v. JPMorgan Chase Bank, N.A.*, *et al.*, Case No. 15-11772, 2016 U.S. App. LEXIS 5683 (11th Cir. 2015).  The Complaint also wholly fails to satisfy minimum pleading standards, and each of the ten counts asserted therein fail independently as a matter of law.

## II. THE FACTS

On December 23, 2005, JPMorgan Chase Bank, N.A. ("Chase") gave Pinson a mortgage loan in the amount of $207,000.00.  In connection with the loan, he executed a promissory note and mortgage.  After Pinson defaulted on his loan, he initiated a lawsuit against Chase in *Pinson v. JPMorgan Chase Bank, N.A.*, Case No. 13-80720, 2015 U.S. Dist. LEXIS 35793 (S.D. Fla. 2015), in which he alleged that Chase violated the FDCPA by "asserti[ng] ownership and authority to collect" the debt from Pinson.  *Id.* at *3.  Chase moved to dismiss that action, which was granted on March 23, 2015.  *Id.* at *13.

Importantly for purposes of this motion, the Court dismissed Pinson's FDCPA claims against Chase because Pinson failed to raise "a genuine issue of material fact that challenges the record evidence that Chase was the original lender and therefore excluded from the definition of 'debt collector.'"  *Id.* at *11-12.  The Court found that Pinson could not state a claim against Chase under the FDCPA, and entered judgment against Pinson.  *Id.* at *13.  Pinson appealed to the Eleventh Circuit Court of Appeals in *Pinson v. JPMorgan Chase Bank, N.A.*, *et al.*, Case No. 15-

---

*Pinson v. Wagner & Hunt, P.A.*, Case No. 9:12-cv-81158-KAM (S.D. Fla. October 15, 2014).

2

11772, 2016 U.S. App. LEXIS 5683 (11th Cir. 2015). In its opinion dated March 28, 2016, the Eleventh Circuit agreed with this Court and held that "Pinson's argument that Chase was a debt collector for purposes of the FDCPA fails." *Id.* at *6. As a basis therefor, the Eleventh Circuit determined that "Chase was the lender on Pinson's mortgage," and that the FDCPA "exempts original creditors, such as Chase, from its definition of a debt collector." *Id*. The Eleventh Circuit issued its mandate on April 26, 2016.

Less than a week later, Pinson initiated these proceedings. His ten count complaint is borderline incomprehensible, but seems to predicate each and every cause of action on Chase's credit reporting activity with respect to Pinson's mortgage loan. While summary rejection of his complaint would be warranted for basic pleading deficiencies, a variety of his claims require dismissal with prejudice because amendment would be futile. For instance, Pinson pursues two causes of action for violation of the FDCPA, 15 U.S.C. § 1692 *et seq.* (Counts I and II), in which he alleges that Chase is a "debt collector" as defined by the FDCPA. Compl. ¶ 8. This allegation is concerning in light the Eleventh Circuit's holding to the contrary less than a week before Pinson filed his verified complaint. Pinson knows this allegation is false, but persists in making it. His dissatisfaction with the 11th Circuit ruling does not justify the filing of a patently false complaint and Counts I and II must be dismissed with prejudice.

Three of Pinson's claims (Counts III, VIII, and IX) purport to plead FCRA violations, 15 U.S.C. § 1681 *et seq.* However, each is legally and factually deficient. So, too, are his state law claims for Defamation, Slander, and Libel (Count IV), Negligent Supervision and Training (Count VI), and alleged violations of the FCCPA, Fla. Stat. § 559.55 *et seq.* (Count X), the latter of which is preempted by FCRA, in any event. Florida law does not recognize causes of action for False

Light (Count V) or Reckless and Wanton Supervision and Training (Count VII), and those claims, too, militate dismissal.

### III. ARGUMENT

**A.** **Legal Standards.**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a viable claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.** **FDCPA Claims (Counts I & II) Fail Because Defendant is Not a "Debt Collector".**

To establish a claim under the FDCPA, a plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). "The FDCPA applies only to debt collectors." *Locke v. Wells Fargo Home Mortgage*, 2010 U.S. Dist. LEXIS 126140 (S.D. Fla. Nov. 30, 2010). A "debt collector" does not include

4

"any person collecting or attempting to collect any debt due or asserted to be owed or due another to the extent such activity . . . concerns a debt which not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, the FDCPA "provides an exception for loan servicers that acquire loans that are not in default at the time of acquisition." *Alhassid v. Bank of America, N.A.*, 60 F. Supp. 3d 1302, 1325 (S.D. Fla. 2014) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), for the proposition that the FDCPA excepts loan servicers from its definition of debt collector "as long as the debt was not in default at the time it was assigned").

Pinson alleges that Chase "is a 'debt collector' as that term is defined by [the FDCPA]." Compl. ¶¶ 158, 165. That allegation is patently false, and Pinson is well aware of that. Both this Court and the Eleventh Circuit have confirmed this, as discussed above. The facts here have not changed and Chase is excluded from "debt collector" status pursuant to 15 U.S.C. § 1692a(6)(F)(iii).[2]  *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) ("Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned."). As such, Counts I and II must be dismissed with prejudice.

---

[2] If the Court is not prepared to dismiss Counts I and II outright, Chase submits that Pinson should be required to explain why his <u>verified</u> complaint alleges that Chase is a "debt collector," when the Eleventh Circuit already determined it is not. *See Monroe v. CitiMortgage, Inc.*, 2007 U.S. Dist. LEXIS 38624 (M.D. Fla. 2007) ("In order to plead adequately under the FDCPA, the Plaintiff must sufficiently allege that Chase is a 'debt collector.'"). And, if Pinson cannot explain these allegations in light of the previous rejection of his FDCPA claims by this Court and the Eleventh Circuit, Chase submits sanctions under Fed. R. Civ. P. 11 are appropriate for pursuing these frivolous claims.

**C.     Count III (FCRA) Fails to Satisfy Minimum Pleading Requirements.**

Count III alleges that Chase violated 15 U.S.C. § 1681s-2(b) by "failing to fully and properly investigate the Plaintiff's disputes regarding the trade line, and/or by reporting inaccurately the results of such investigation." Compl. ¶ 181. Pinson then contends Chase "violated [FCRA] by continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information . . . despite knowing that said information was false or inaccurate." *Id.* ¶ 190. While the Complaint traces the language of FCRA, the pleading standard required by Rule 8 requires more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As pled, Count III wholly fails to provide context or specifics to the alleged statutory violation upon which Pinson bases this claim. Additionally, he makes no effort to explain when he disputed certain information to a credit reporting agency. *See McNamara v. Guazzoni*, 1999 U.S. Dist. LEXIS 7373 (S.D.N.Y. 1999) ("[A] determination as to when such a request was made juxtaposed with the onset of this lawsuit will allow a determination as to whether the statute of limitations bars the action.")  Simply stated, Pinson must be required to plead with more specificity. This is particularly important in light of his own admission that the "<u>alleged debt is not in question here</u>." Compl. ¶ 22 (emphasis added). Alone, this admission calls into question whether Pinson's FCRA claim is facially plausible, because he admits in his complaint that he doesn't dispute the debt, itself. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted).

Moreover, while Pinson states a laundry list of damages he allegedly incurred as a result of the claimed FCRA violation, he does not plead these damages adequately. *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1268 (S.D. Fla. 2009) (citing *Sloane v. Equifax Info. Servs., LLC,* 510 F.3d 495, 503 (4th Cir. 2007), for the proposition that, in a FCRA case, "plaintiffs may not rely on mere conclusory statements; rather, they must sufficiently articulate true demonstrable emotional distress, including the factual context in which the emotional distress arose; evidence corroborating the testimony of the plaintiff; the nexus between the conduct of the defendant and the emotional distress; the degree of such mental distress; mitigating circumstances, if any; physical injuries suffered due to the emotional distress; medical attention resulting from the emotional duress; psychiatric or psychological treatment; and the loss of income, if any") (internal quotation marks omitted).[3] Count III is improperly pled, and dismissal is appropriate.[4]

---

[3] That Pinson is a *pro se* litigant does not relieve him of his obligation to meet minimal pleading standards. *Olsen v. Lane,* 832 F. Supp. 1525, 1527 (M.D. Fla. 1993). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle,* 833 F. Supp. 906 (S.D. Fla. 1993) (quoting *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)).

[4] Additionally, dismissal is appropriate because the complaint is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). While many of Pinson's claims warrant dismissal with prejudice, the Complaint fails wholesale because of its shotgun nature. *See Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210-11 (M.D. Fla. 2005) ("A party may not incorporate all allegations of each count in every successive count. . . The entirety of the counterclaim will be dismissed as a shotgun pleading.") "[T]he leniency afforded to pro se litigants does not permit them to file an impermissible 'shotgun' pleading." *Obando v. Jones*, 2015 U.S. Dist. LEXIS 88677 (S.D. Fla. 2015).

**D.   FCRA Preempts Pinson's Defamation Claims, Which Also Fail to State a Cause of Action (Count IV).**

Count IV, alleging Florida common law claims for defamation, libel, and slander, all explicitly relate to or arise from Chase's duties as a furnisher of credit information pursuant to section 1681s-2 of the FCRA. FCRA provides:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

15 U.S.C. § 1681t(b)(1)(F).

Pinson entirely bases Count IV on the premise that Chase "communicated to third parties and the public at large false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness concerning the Plaintiff." Compl. ¶ 200. This is clearly a reference to Chase's furnishing of credit information on Pinson's mortgage loan and, therefore, his claims under Florida law "run into the teeth of the FCRA preemption provision, because they concern reporting of inaccurate credit information to the CRAs, an area regulated in great detail under [section] 1681s-2(a)-(b)." *Davidson v. Capital One, N.A.*, 2014 U.S. Dist. LEXIS 104639 (S.D. Fla. 2014) (quoting *Ross v. Fed. Deposit Ins. Corp.*, 625 F.3d 808, 813 (4th Cir. 2010)) (internal quotation marks omitted); *see also Green v. Capital One Bank (USA) N.A.*, 2015 U.S. Dist. LEXIS 11842 (M.D. Fla. 2015) (holding that plaintiff's "allegations [were] based on Capital One Bank's alleged actions of providing false information to Consumer Reporting Agencies. . . [and that, b]ecause these allegations concern [Capital One Bank's] reporting and investigating responsibilities under section 1681s-2, section 1681t(b)(1)(F) bars any state-law claim concerning this conduct") (citations and internal quotation marks omitted); *Hillerson v. Green Tree Servicing, LLC*, 2014 U.S. Dist. LEXIS 151196 (M.D. Fla. 2014) (holding that plaintiff's state law claims

"address[ed] a subject regulated under Section 1681s-2" and were therefore preempted by the FCRA under section 1681t(b)(1)(F)). The defamation claims are preempted, and Count IV fails.

And even if this claim was not preempted, Count IV still fails to state a cause of action under Florida law. The five elements of a claim for defamation are: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214 n.8 (Fla. 2010). Pinson does not plead all of the basic elements of a defamation claim, let alone the facts sufficient to make his claim plausible under the *Twombly*/*Iqbal* pleading standards set forth above.[5] Dismissal of Count IV is appropriate.

E. **No Cause of Action for False Light Under Florida Law (Count V).**

"Florida does not recognize a separate cause of action for 'false light.'" *Brown Jordan Int'l Inc. v. Carmicle*, 2015 U.S. Dist. LEXIS 141846 (S.D. Fla. 2015) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1113-14 (Fla. 2008)). Count V should be dismissed with prejudice.

F. **Pinson Fails to State Negligent Training & Supervision Claims (Count VI).**

"Though plaintiffs often bring claims for negligent training and supervision together, the two causes of action are distinct." *See Adler v. Westjet Airlines, Ltd.*, F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (citing *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) and *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005)). A plaintiff asserting a negligent training claim must allege that "it was harmed as a result of an employer's failure to

---

[5] Additionally, libel and slander are subcategories of defamation, and slander is limited to spoken words, whereas libel involves written statements. *See Fortson v. Colangelo*, 434 F. Supp. 2d 1369 (S.D. Fla. 2006). Pinson fails to allege sufficient facts to sustain either of these causes of action, as well.

adequately train an employee, and that the nature of the employment put the plaintiff in a 'zone of risk' such that the employer had a duty running to the plaintiff." *Id.* (citation omitted).  Pinson fails to allege any of these elements in Count VI.

Further, to state a claim for negligent supervision, a plaintiff must allege that an employer "had notice that its employee was unfit, but unreasonably failed to investigate the employee and take corrective action." *See id.* (citations omitted).  A "negligent supervision claim requires the plaintiff to allege that an employer knew or should have known that its employee was unfit." *Id.* These elements are conspicuously absent, and Count VI fails.

G. **No Cause of Action for Reckless & Wanton Training & Supervision (Count VII).**

There is no cause of action in Florida for "Reckless and Wanton Training and Supervision." Count VII should be dismissed with prejudice.

H. **Count VIII (FCRA) Fails Because (1) a Permissible Purpose Existed to Obtain Pinson's Credit Reports; (2) Chase is Not a "Natural Person"; and (3) Pinson Fails to Satisfy Minimum Pleading Requirements.**

The second of Pinson's three FCRA claims alleges Chase "violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b." Compl. ¶ 220.  "[T]o establish a FCRA claim of willful misuse or acquisition of a consumer report, Plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that Defendant used or obtained it, (iii) that Defendant did so without a permissible statutory purpose, and (iv) that Defendant acted with the specified culpable mental state." *John Pinson v. Monarch Recovery Mgmt.*, 2013 U.S. Dist. LEXIS 33971 (S.D. Fla. 2013).  Pinson admits the subject debt is a consumer debt (Compl. ¶ 16), which is unquestioned. Compl. ¶ 22. "[C]ollection of a consumer debt is a permissible purpose under FCRA to acquire a consumer report." *John Pinson v. Collecto, Inc.*, Case No. 12-80404-CIV-Ryskamp/Hopkins (S.D. Fla. Jan. 9, 2013) (dismissing similar claim under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o).

10

Further, §1681b(a)(3)(A) allows for a consumer report that is intended to be used in connection with "the review or collection of an account of the consumer." And §1681b(a)(3)(F) allows a creditor to pull a consumer report to ensure that a consumer "continues to meet the terms of the account." There is no question that both provisions contemplate open accounts. *See Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009) (holding that defendant did not willfully violate FCRA even when it supplied credit report for consumer whose account was closed, because 1681b(a) does not expressly distinguish between open and closed accounts). Pinson's complaint acknowledges and does not dispute the existence of the debt. As such Chase had a permissible statutory purpose in obtaining Pinson's credit information, warranting dismissal of this count with prejudice.[6] *See Rumbough v. Experian Info. Solutions, Inc.*, 626 Fed. App'x 224 (11th Cir. 2015) (finding a permissible purpose under § 1681b(a)(3)(F) where plaintiff "had credit cards and bank accounts with both Chase and Bank of America. Because [the plaintiff] was a current account holder, these entities were permitted to use his report to ensure that he 'continued to meet the terms of his account.'").

Additionally, Count VIII fails because a cause of action for obtaining a consumer report under false pretenses or knowingly without a permissible purpose can only lie against a "natural person." 15 U.S.C. § 1681n(a)(1)(B); *see also Hunt v. Experian Info. Solutions*, 2006 U.S. Dist. LEXIS 62516 (D. Neb. 2006) (recognizing that "'natural persons' [] does not include partnerships, corporations, trusts, estates coops, associations or government entities") (applying FCRA); *Benjamin v. Coker*, 2008 U.S. Dist. LEXIS 42275 (D. Ariz. 2008) ("The FCRA imposes civil

---

[6] Additionally, Plaintiff's allegation that Chase pulled his credit report without his permission is a red herring. *See Stergiopoulos & Castro v. First Midwest Bancorp.,* 427 F.3d 1043, 1046-47 (7th Cir. 2005) ("[T]he statute does not require that consumers expressly approve each request for a report.").

liability upon a 'natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose.'").  Chase, a national association, is not a "natural person" and, therefore, Pinson may not recover damages against it under 15 U.S.C. § 1681n.

Finally, Count VIII fails because a plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report.  Simply stating that the violation was "willful" or "negligent" is insufficient.  *Perl v. Am. Express,* 2012 U.S. Dist. LEXIS 94804 (S.D.N.Y. 2012) ("While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints. . . . [The plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports.").[7]  Count VIII is little more than a boilerplate recitation of elements which fails to sufficiently plead Chase's mental state when it allegedly accessed Pinson's credit information.

---

[7]  *See also Tauro v. Asset Acceptance*, No. 12-CV-418, 2012 U.S. Dist. LEXIS 85691, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Farkash*, 2012 U.S. Dist. LEXIS 74089 ("[The plaintiff] fails adequately to allege willfulness or negligence. While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner . . . ."); *Huertas v. U.S. Dep't of Educ.*, No. 08-CV-3959, 2009 U.S. Dist. LEXIS 89903 (D.N.J. Sept. 28, 2009) ("[A] plaintiff must allege, with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt. In other words, the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff . . . .") (citations, internal quotation marks, and alterations omitted); *cf. King v. MTA Bridges & Tunnels*, 933 F. Supp. 220, 225 (E.D.N.Y. 1996) ("Even accepting that [the requesting defendant's] request . . . was . . . not for [a permissible purpose] within the meaning of [the] FCRA, . . . plaintiff has alleged nothing of even a conclusory nature to suggest that any of the [furnishing defendants] had knowledge that [the requesting defendant's] request was made under 'false pretenses' so that any failure to comply with [the] FCRA was willful.").

**I.      Count IX (FCRA) Fails Because (1) a Permissible Purpose Existed to Obtain Pinson's Credit Reports; (2) Chase is Not a "Natural Person"; and (3) Pinson Fails to Satisfy Minimum Pleading Requirements.**

In his third FCRA claim, Pinson alleges Chase violated FCRA by obtaining his credit information under false pretenses. Compl. ¶¶ 244-250. He alleges Chase violated 15 U.S.C. § 1681q ("Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined . . . imprisoned . . . or both"), by allegedly obtaining information from credit reporting agencies under false pretenses. *Id*. He seeks "actual damages, statutory damages, costs and attorneys [sic] fees (if any) from [Defendant] in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o." Compl. ¶ 256.

First, "the standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. §1681." *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) (citing *Hansen v. Morgan*, 582 F.2d 1214, 1216 (9th Cir. 1978)); *see also Minter v. AAA Cook County Consolidation, Inc.*, No. 02 C 8698, 2004 U.S. Dist. LEXIS 13629, at *6 (N.D. Ill. 2004) (explaining that "if defendants had a permissible purpose for accessing plaintiff's credit report under the [FCRA], then they necessarily did not access it under false pretenses"). As discussed in paragraph III(H), *supra*, FCRA provides for Chase's acquisition of a credit report for for Pinson's undisputed open account and, therefore, Count IX fails.

And, as outlined in paragraph III(H), *supra*, Pinson is also barred from recovery under § 1681n because a cause of action for obtaining a consumer report under false pretenses can only lie against a "natural person." *See* 15 U.S.C. § 1681n(a)(1)(B). "By distinguishing between the liability of 'persons' and 'natural persons,' the FCRA indicates that a false pretenses claim cannot be asserted against a corporate entity." *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689,

706 (S.D. Ohio 2010); *see also Hunt*, 2006 U.S. Dist. LEXIS 62516, at *4 (recognizing that "'natural persons' [] does not include partnerships, corporations, trusts, estates coops, associations or government entities") (applying FCRA).

Finally, Count IX fails to satisfy basic pleading requirements discussed in paragraph III.H, *supra*. Consequently, Count IX is subject to dismissal, as well.

### J.     FCRA Preempts Pinson's FCCPA Claim (Count X).

Pinson bases his FCCPA claim entirely on Chase's duty as a furnisher of information to provide accurate information regarding his credit status to third parties and/or credit reporting agencies. Specifically, he contends Chase violated § 559.72(5) of the FCCPA by allegedly "communicating credit information about Plaintiff to third parties which Defendant knew or should have known was false and in so doing negatively affecting Plaintiff's reputation." Compl. ¶ 260. "Pursuant to [section] 1681t(b), the FCRA completely preempts state law claims relating to regulation of that subject matter." *Lopez v. Chase Bank USA, N.A.*, 2014 U.S. Dist. LEXIS 16430 (M.D. Fla. 2013); *see also Frye v. Capital One Auto Fin.*, 2015 U.S. Dist. 72221 (S.D. Fla. 2015) (holding plaintiff's "FCCPA claim [was] preempted to the extent it [was] based on Capital One's furnishing of information to credit reporting agencies"); *Osborne v. Vericrest Financial, Inc.*, 2011 U.S. Dist. LEXIS 52787 (M.D. Fla. 2011) (dismissing FCCPA claim on preemption grounds because it was "premised on credit reporting activity"). The FCRA preempts Count X, which requires dismissal with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Dated:  June 9, 2016                                         Respectfully submitted,

*s/ Brendan I. Herbert*
Scott B. Cosgrove
  Florida Bar No. 161365
Brendan I. Herbert
  Florida Bar No. 0076925
LEÓN COSGROVE LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305-740-1975
Facsimile:   305-437-8158
Email: scosgrove@leoncosgrove.com
Email: bherbert@leoncosgrove.com
Email: anoonan@leoncosgrove.com
Email: jgomez@leoncosgrove.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the foregoing document is being served by U.S. Mail and electronic mail to:

John Pinson, pro se
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

*Pro se Plaintiff*

*s/ Brendan I. Herbert*
Brendan I. Herbert
