JUL 1 8 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 16-80688-CIV-ZLOCH/HUNT

**John Pinson,**

      Plaintiff

vs

**JPMorgan Chase Bank, N.A.**

      Defendant    /

---

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff John Pinson respectfully opposes the motion to dismiss filed by JPMorgan Chase Bank NA ("Chase") and asserts that the motion should be denied, for the following reasons:

### INTRODUCTION

Lacking in authority and avoiding serious analysis of the issues, Chase resorts to an onslaught of hyperbole to obscure the facts that support Pinson's claims. Chase denigrates Pinson's damage proof with pejoratives such as: "serial pro se filer", "typically alleging", "litigious odyssey", "host of similarly", "shotgun pleading", "re-argues theories", "wholly fails", "fail independently", "failed to raise", "could not state", "borderline incomprehensible", "seems to predicate", "summary rejection", "allegation is false", "patently false complaint", "factually deficient", "cannot explain", "no effort to explain", "wholly fails to provide", "Laundry list", "allegedly incurred", "does not plead", "conspicuously absent", "Boilerplate recitation", and "fails to sufficiently". Chase belittles Pinson with still more dismissive adjectives such as "frivolous", "rejected", "persists", "dissatisfaction", "insufficient", "deficiencies", "futile", "concerning" Chase provides no reference to the record to support these fantastical characterizations. Chase repeatedly fabricates and falsely attributes statements to Pinson which never made in his complaint. Chase even proffers a direct citation non-existent in the summary judgment Order cited. While Chase's approach is concededly imaginative, Pinson suggests a return to the facts and the law to resolve the issues raised by the motion to dismiss.

### Facts and Law

The gravamen of Pinson's Complaint is that Chase has damaged Pinson's credit report and credit scores by their debt collection activity and by obtaining Pinson's credit report. According

to Pinson, these activities violated the FCRA, the FDCPA and the FCCPA. The purpose of the FCRA is to ensure accuracy and fairness of credit reporting. 15 U.S.C. § 1681. The FDCPA serves to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. The FCCPA serves a similar purpose to the FDCPA. Florida Statutes § 559.72.

Pinson admits no debt in his complaint; asserts any alleged debt is disputed; asserts any alleged debt is a consumer debt; and that "CHASE has represented itself in written communications as Plaintiff's creditor" *Complaint* ¶59

Chase argues Pinson's FDCPA claim in the instant action must be denied because the Court dismissed his previous Chase FDCPA action, yet Chase fails to discuss the critical issue of whether the two actions under consideration are based on the same nucleus of operative facts.

Pinson's complaint states clearly "[t]he operative fact giving rise to the alleged FDCPA violations in the instant complaint occurred on April 30, 2015, after judgment in the previous action, and this action has a separate and distinct nucleus of operative facts from the previous action." *Compl.* ¶38.

Chase erroneously asserts "[t]he facts here have not changed and Chase is excluded from "debt collector" status pursuant to 15 U.S.C. § 1692a(6)(F)(iii)" (MTD pg.5 ¶2), yet here, within the four corners of Pinson's complaint, the operative facts are separate, distinct, and place Chase squarely in the crosshairs of the FDCPA, as discussed *infra*.

15 U.S.C. § 1692a(6) states in pertinent part:

> **... Notwithstanding the exclusion provided by clause (F)** of the last sentence of this paragraph, the term ["debt collector"] includes **any creditor** who, in the process of collecting **his own** debts, uses **any name other than his own** which would indicate that a third person is collecting or attempting to collect such debts.[1],[2] (emphasis added).

"CHASE has represented itself in written communications as Plaintiff's creditor." Compl.¶59. "Plaintiff does not have an account with Chase Home Finance LLC.' *Id.* at ¶40. "JPMorgan Chase Bank NA ("Chase") and Chase Home Finance LLC are distinctly different and separately incorporated legal entities." *Id.* at ¶57. "Plaintiff contends JPMorgan Chase Bank NA used a name other than its true name" *Id.* at ¶58 and "falsely and erroneously listed Chase Home Finance LLC on the [TransUnion] trade line" id.¶56 "The May 29, 2015 TransUnion

---

[1] 15 U.S.C. § 1692a(6). The "false names" sentence first appeared in House Consumer Affairs Subcommittee prints in April 1976. It was present in all the major Senate bills.

[2] With any statutory phrase, the Court must "presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc).

consumer report indicated the Chase Home Finance LLC trade line information update was furnished on April 30, 2015" *Id.* at ¶55, thus Pinson's April 29, 2016, complaint was filed within the FDCPA's one year statute of limitations. Chase fails to deny creditor status. Chase fails to deny it reported the trade line. Chase fails to controvert Plaintiff's fact assertions.

> 15 U.S.C. § 1692e
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> … (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. 15 U.S.C. § 1692e(14)[3]

Pinson "contends that during the past 12 months CHASE communicated and furnished false and erroneous information to national consumer reporting agency TransUnion regarding a debt which CHASE knew or should have known was false." *Id.* at ¶54. Chase fails to controvert Plaintiff's fact assertions.

"Reporting debts on consumer reports is one of the most commonly-used arrows in the debt collector's quiver" *Id.* at ¶68, and in using a false name as discussed *supra* Chase "us[ed] false representation or deceptive means to collect or attempt to collect any debt from Plaintiff." *Id.* at ¶170

Further, "CHASE masqueraded as CHASE BANK USA NA in its certification of identity to Experian to obtain the report on Plaintiff" *Id.* at ¶130 and in doing so "us[ed] false representation or deceptive means to obtain information from a consumer reporting agency on Plaintiff." *Id.* at ¶169

> 15 U.S.C. § 1692e(10)
> [T]he following conduct is a violation of this section:…
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10)[4]

Despite Pinson's "repeated disputes of the debt with CHASE" *Id.* at ¶76 and "repeated disputes sent to TransUnion and TransUnion's investigation and re-investigation of the dispute with Defendants, the Defendants continued to furnish false and erroneous information to consumer

---

[3] 15 U.S.C. § 1692e(14). Somewhat different provisions addressing the use of fictitious names were contained in the initial House bill and were deleted in subsequent House bills. H.R. 10191, 94th Cong., 1st Sess. § 804(3), (5) (1975). Major Senate bills prohibited the use of any alias or fictitious name. The present language was first adopted by the Senate Consumer Affairs Subcommittee. Compare S. 3838, 94th Cong., 1st Sess. § 806(17) (1976), and S. 918, 95th Cong., 1st Sess. § 807(17) (1977), with Senate Comm. Print No. 1, 95th Cong., 1st Sess. § 807(14) (1977).
[4] 15 U.S.C. § 1692e(10). This provision first appeared in its present form in H.R. 13720 94th Cong., 2d Sess. § 806(10) (1976) and was contained in each subsequent major bill leading to the Act.

reporting agency TransUnion." *Id.* at ¶75 "Specifically, the Defendant continued to report the disputed debt on the Plaintiff's credit reports in an effort to collect the debt." *Id.* at ¶172 Pinson's complaint notes "[d]efendant's alleged violations are ongoing" *Id.* at ¶156  and after Pinson filed the instant complaint, the remark "ACCT INFO DISPUTED BY CONSUMR" was removed from the trade line, by the furnisher, despite the account continuing to be disputed and contrary to § 1692e(8).

> 15 U.S.C. § 1692e(8)
>> [T]he following conduct is a violation of this section:…
>> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).[5]

## ARGUMENT

### Notice Pleading

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a); *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Hrubec v. Nat. R. Pass. Corp.*, 981 F.2d 962 (7th Cir. 1992).  Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1*, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975).  There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company*, 486 F.2d 538 (4th Cir. 1973).  Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v. Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987).  The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961).  Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942).  Further, plaintiff need not allege a theory of action. *Id.*  Plaintiff need not specify under what law(s) his case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987).  Plaintiff need not plead state laws. *Lumbermans Mut. Cas. Co. v. Norris Grain*

---

[5] A provision similar to this section was contained in each major bill leading to the Act. E.g., H.R. 10191, 94th Cong., 1st Sess. § 802(9), (12) (1975); H.R. 13720, 94th Cong., 2d Sess. § 806(7) (1976).

*Co.*, 343 F.2d 670 (8th Cir. 1965).  State laws should not be plead as the federal court will take judicial notice of applicable state laws. *Bower v. Casanave*, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941).  Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court.  Federal courts employ notice pleadings. Pinson has done much more than merely put Defendants on notice of his claims. Fed.R.Civ.Proc. 8.

### CHASE's Motion to Dismiss Should Be Denied

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. *Ward v Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 1833 (1989).  Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S. Ct. 2490 (1977).  If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted.

Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

### Pinson's Claims Are Not Frivolous

In their MTD, Chase calumniates Pinson a "serial *pro se* litigant" on a "litigation oddesy" and alludes to his legal actions as "similarly frivolous", but Chase fails to explain which, if any, of these cases were dismissed as frivolous. The record shows none were found frivolous.

In Mack v. Progressive, Mr. Mack faced an analogous argument and Hon. Judge Mazzant's Order on Motion for Bond (Doc. 28) is instructive.

> Defendant points the Court to twenty cases filed by Plaintiff in this district, but fails to explain which, if any, of these cases were dismissed as frivolous. The fact, by itself, that Plaintiff files a large number of cases does not make him vexatious. Plaintiff has a right

to sue for violation of his rights, and this Court has never found that Plaintiff abused the
process in his prior litigation.
*Mack v. Progressive Financial Services, Inc.*, No. 4:13cv544 (E.D. Tex. Mar. 24, 2014).

In another action, Mack v. Midland, Hon. Judge Mazzant issued a similarly instructive Report
(Doc. 25) on November 25, 2014.

> Because the Court declines to find that the lawsuits, as a matter of law, arise from the
> same nucleus of operative facts, there is nothing before the Court at this time that would
> indicate any "vexatious, harassing, or duplicative" conduct by Plaintiff. In any event, it
> seems to the Court that, if Defendant stopped calling Plaintiff, Plaintiff would stop filing
> suits against it.
> *Mack v. Midland Credit Management, Inc.*, No. 4:14cv414 (E.D. Tex. Mar. 23, 2015).

It is axiomatic that if Chase ceased its offensive behavior delineated in his complaint, Pinson
would stop filing suits against it. Yet, despite Chase's pettifoggery, the court may only consider
the four corners of the complaint and the exhibits attached to the complaint when deciding a
motion to dismiss. *See Grossman v. Nationsbank NA.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### The FDCPA Protects Consumers Like Pinson

The FDCPA "provides a remedy for consumers who are subjected to abusive, deceptive,
or unfair trade collection practices by debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.
3d 379, 400 (3d Circ 2000). A single violation of the Act triggers statutory liability and
remedies., *Morgan v. Credit Adjustment Board, Inc.*, 999 F.Supp. 803 (E.D.Va. 1998); *Clomon
v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). The FDCPA, 15 U.S.C. § 1692, et seq., is a strict
liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997).
"Because the Act imposes strict liability, a consumer need not show intentional conduct by the
debt collector to be entitled to damages." *Russell v. Equifax, A.R.S.*, 74 F. 3d 30, 33-34 (2' Cir.
1996)."Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a
remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*,
305 F.3d 1107 (10th Cir. 2002). The 11th Cir "employ[s] the "least-sophisticated consumer"
standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA."
*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). "The basic purpose of the
`least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the
gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). The FDCPA is
"an extraordinarily broad statute" and must be enforced "as Congress has written it." *Frey v.
Gangwish*, 970 F.2d 1516 (6th Cir. 1992). "The Act is designed to protect consumers who have

been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). In his complaint, Pinson admits no debt; asserts any alleged debt is disputed; asserts any alleged debt is a consumer debt; and that "CHASE has represented itself in written communications as Plaintiff's creditor" Compl. ¶59

## As Pled Chase is a "Debt Collector" under the FDCPA

As a threshold matter, as pled in Pinson's complaint, Chase meets the statutory definition of "debt collector" under FDCPA as discussed *supra*. The Act extends to a creditor who "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" *Catencamp v. Cendant Timeshare Resort*, 471 F.3d. 780 (7th Cir. 2006). In *Catencamp* the Seventh Circuit held that a creditor sending a letter that appeared to be from a third-party debt collector became a "debt collector" subject to all of the FDCPA's requirements. In *Lester E. Cox Med., Springfield, MO. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005), the Eighth Circuit affirms district court finding that the creditor was a debt collector that participated in interstate commerce under 15 U.S.C. § 1692a and that it used a false and misleading name to collect its debts in violation of the anti-fraud provisions of 15 U.S.C. § 1692e(14) of the FDCPA.

"[F]or the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a 'debt collector'; and (2) the communication must have been made in connection with the collection of any debt." *Lara v. Specialized Loan Servicing, LLC*, 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013). Here, Chase is a "debt collector" as discussed *supra*, and its credit reporting is an act of debt collection. "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010). "the Court finds that Midland was engaged in "collection of the debt" ... when it reported Edeh's disputed debt to the [credit reporting agencies]" Id. Regularly collecting occurs when undertaking collection activity "more than a handful of times per year" - *Crossley v. Lieberman*, 868 F. 2d 566 (3rd Cir. 1989).

## Chase Violated FDCPA 15 U.S.C. § 1692e

FDCPA claims focus on the misconduct of the debt collector, regardless of the existence, or amount, of any debt that the debtor might owe. *Karnette v. Wolpoff & Abramson, L.L.P.*, 2007

U.S. Dist. LEXIS 20794 (E.D. Va. March 23, 2007). The focus is on the debt collector's conduct, not the consumer's. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998).

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "That means in order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir.2012). Here, Chase is a "debt collector" as discussed supra, and credit reporting is debt collection. Chase as a "debt collector" reported false credit information about Pinson. "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010). "the Court finds that Midland was engaged in "collection of the debt" ... when it reported Edeh's disputed debt to the [credit reporting agencies]" *Id.*

### Chase Violated FDCPA 15 U.S.C. § 1692e(14)

As discussed *supra* Chase used a false name. "Although the FDCPA does not say 'what a 'true name' is, its import is straightforward: A debt collector may not lie about his institutional affiliation.'" *Sheriff v. Gillie*, No. 15-338 (U.S. May 16, 2016)(internal citation omitted). Use of a false name is a per se violation of the Act. 15 U.S.C. § 1692e(14). The present owner of the debt must be identified in a reasonable manner. *Luzinski v. Arrow Financial Services, LLC*, 05-CV-1322, 2007 U.S. Dist. LEXIS 71788 (E.D.Wisc. Sept. 26, 2007). Whether a particular communication is false or deceptive is a question for the jury. *Jeter*, 760 F.2d at 1178. Plaintiff does not have to allege harm or actual confusion — the FDCPA is a "strict liability statute." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir.2007). A debt collector violates § 1692e, put simply, if the collection practice that he uses has the tendency to confuse the least sophisticated consumer. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

### Chase Violated FDCPA 15 U.S.C. § 1692e(10)

15 U.S.C. § 1692e(10) prohibits the use of fictitious or misleading names (such as the use of a collection agency name by a creditor or use of an attorney's letterhead by a collector). *Hepsen v. J.C. Christensen & Assocs., Inc.*, 2009 WL 3064865 (M.D. Fla. Sept. 22, 2009) (defendant misrepresented identity of current creditor), aff'd on other grounds, 383 Fed. Appx.

877 (11th Cir. 2010). A collector's use of a name other than the name under which it is licensed violated section 1692e(10). *See Moore v. Nat'l Account Sys., Inc.*, 1991 WL 313896 (D. Conn. Nov. 13, 1991) (magistrate's opinion). Failing to clearly identify the creditor violates § 1692e(10). *See Scheunemann v. J.C. Christensen & Assocs., Inc.*, 802 F. Supp. 2d 981 (E.D. Wis. 2011) (could not determine whether the original creditor was properly disclosed as Washington Mutual when the consumer's credit report showed Chase Bank USA as the original creditor).

### Chase Violated FDCPA 15 U.S.C. § 1692e(8)

1692e(8) prohibits a misstatement to a CRA, *Justice v. Ocwen Loan Servicing*, 2015 WL 235738 (S.D. Ohio Jan. 16, 2015) (denied summary judgment for the mortgage servicer on the homeowners' claim under § 1692e(8) that it was falsely reporting the account).

§ 1692e(8) recognizes that reporting a debt to a credit bureau is "a powerful tool designed, in part, to pressure consumers to keep to the payment terms of all of their obligations." *See Rivera v. Bank One*, 145 F.R.D. 614, 623 (D. P.R. 1993) ("A Bank Card issuer's ability to report on the credit habits of its customers is powerful tool designed, in part, to wrench compliance with payment terms from its cardholder. Bank One's alleged refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer."); *Koller v. West Bay Acquisitions, L.L.C.*, 2012 WL 1189481, at *5 (N.D. Cal. Apr. 9, 2012) ("credit reporting is one of the most commonly taken steps in debt collection efforts").

The reporting of a debt to a CRA by a debt collector is a communication to which the FDCPA applies. *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) ("act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be 'in connection with' the collection of a debt"). In *Nelson v. Equifax Info. Servs., L.L.C.* 522 F. Supp. 2d 1222 (C.D. Cal. 2007), Reporting a debt that was not owed and disputed to a CRA resulted in $85,000 of damages for emotional distress.

### Defendant Proffers FDCPA Cases Not Analogous To The Instant Case

Chase cites *Alhassid v. Bank of America, N.A.*, 60 F. Supp. 3d 1302, 1325 (S.D. Fla. 2014) was a class action wherein Plaintiffs sued their loan servicers under FDCPA for inflated fees,

civil conspiracy and other counts, and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Pinson is not suing Chase as servicer.

Chase cites *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) wherein the Court notes "The creative efforts of plaintiff Robert Perry, a lawyer, and the intransigence of ten defendants turned this relatively simple breach of contract/tort case involving the sale of a residence into a enormously expensive brouhaha for all of the parties." The case involved counts included Recession, Usury, Breach of Warranty, TILA and there was a cross appeal. Perry sued his servicer for FDCPA, and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Pinson is not suing Chase as servicer.

Chase cites *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) wherein Plaintiff sued with Counts include TILA, Rescission, Fraud in the Inducement; RESPA as well as FDCPA and FCCPA. Apparently two competing lenders talked her into taking out back to back mortgages. Her FDCPA count was filed untimely and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Pinson filed his complaint within the one year statute of limitations and is not suing Chase as servicer.

Chase cites *Monroe v. CitiMortgage, Inc.*, 2007 U.S. Dist. LEXIS 38624 (M.D. Fla. 2007) wherein Plaintiff faced Rooker-Feldman for his post foreclosure action and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Pinson has sufficiently alleged Chase is a debt collector as discussed supra.

### Chase's Arguments Against FDCPA Counts I & II Fail

Because Chase failed to properly address the nucleus of operative facts pled in Pinson's complaint under FDCPA, its motion to dismiss the FDCPA counts I & II must be denied.

### The FCRA Generally

The Fair Credit Reporting Act was enacted to protect consumers/plaintiffs from the consumer reporting agencies/furnishers/users/defendants, not vice-versa.  The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.); *Klapper v. Shapiro*, 586 N.Y. S.2d 846 (N.Y. Sup. 1992); *Kates v. Croker Nat. Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995); *Litschitz v. American Express Co.*, 560 F. Supp. 458 (U.S.D.C. Pa. 1983); *Jones v. Federated Fin. Res. Corp.*, 144 F.3d 961 (6th Cir. 1998) (Mich.).

### Pinson's Complaint Satisfies Minimum Pleading Requirements

Creditors, debt collectors, and others who furnish information to CRAs must participate in reinvestigations conducted by the CRAs when consumers dispute the accuracy or completeness of information with the CRA, and must follow certain steps to correct erroneous information. 15 U.S.C. § 1681s-2(b). There is a FCRA private right of action to sue creditors and other furnishers who fail to comply with these requirements.

This private right of action is only triggered where a CRA asks the furnisher to reinvestigate, and not where a consumer disputes the information directly with the furnisher.

Two mistaken decisions, which grow increasingly isolated with each new opinion upholding private actions, have misconstrued the provision as only allowing CRAs—and not consumers— to bring civil actions. *Zamos v. Asset Acceptance, L.L.C.*, 423 F. Supp. 2d 777 (N.D. Ohio 2006); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496 (W.D. Tenn. 1999). To avoid any mistake, Pinson's complaint only shows a claims for FCRA § 1681s-2(b) violations - the record shows § 1681s-2(a) is not found in Pinson's complaint. *Oganyan v. Square Two Fin.*, 2012 WL 3656355 (C.D. Cal. Aug. 24, 2012) (pro se litigant pleaded elements of violation of § 1681s-2(b), but court mistakenly dismissed her FCRA claim based on the lack of a private right of action to enforce § 1681s-2(a)).

"On or about June 10, 2014 the Plaintiff disputed the reporting of the Chase Home Finance LLC trade line to TransUnion" *Compl.* 51. clearly indicating than 30 days passed before Pinson filed his complaint.

When a furnisher receives notice of a dispute from a CRA, the furnisher must conduct a timely investigation of the disputed information, review all relevant information provided by the CRA, and report the results of the investigation to the CRA. If the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to all other CRAs to which it supplied such information. 15 U.S.C. §§ 1681s-2(b)(1), 1681s-2(b)(2).

The reasonableness of a reinvestigation will depend on the circumstances and will often be a question for the trier of fact. *See, e.g., Modica v. Am. Suzuki Fin. Serv. Co.*, 2013 WL 656495 (D. Ariz. Feb. 22, 2013) (summary judgment not appropriate on question of whether investigation was reasonable); *Dickman v. Verizon Commc'ns, Inc.*, 876 F. Supp. 2d 166, 174 (E.D.N.Y. 2012) (extensive discussion of disputed facts; summary judgment not appropriate where questions of fact exist as to timeliness and reasonableness of investigation). Reporting inconsistent results and remedial instructions to different CRAs indicates negligence. *Alston v. Wells Fargo Bank*, 2013

WL 990416 (D. Md. Mar. 12, 2013). Where a consumer has continued to dispute an item, a furnisher who fails to attempt to correct the inaccurate information by electronic Automated Consumer Dispute Verification (ACDV), may be negligent. *Evantash v. G.E. Capital Mortg. Serv., Inc.*, 2003 WL 22844198 (E.D. Pa. Nov. 25, 2003).

At the pleading stage, Pinson has sufficiently alleged actual damages to place Chase on notice. *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 361 (6th Cir. Aug. 22, 2005) (affirming award of compensatory damages based on violation of section 1681s-2(b); rejecting furnisher's argument that the plaintiff's testimony as to damages was insufficient to impose liability).

One week ago, the 11th Circuit published a 26 page opinion in *Hinkle v. Midland Credit Management, Inc.*, No. 15-10398 (11th Cir. July 11, 2016) issued after oral argument before the panel. Ms. Hinkle, who proceeded *pro se* in the district court was represented by Craig Perry, Esq. in her appeal. The court noted "[t]he scope of the duty to investigate under § 1681s-2(b) is an issue of first impression in the Eleventh Circuit." *Id.* The 11th reversed and remanded Ms. Hinkle's 15 U.S.C. § 1681s-2(b)(2) and provided a thorough analysis of the issue. In light of this recent 11th Cir. ruling of first impression on the same § 1681s-2(b)(2) claim Pinson makes, he appends a copy of *Hinkle v. Midland* to this opposition for the courts reference.

### Chase's Arguments Against FCRA Counts III Fails

Because Chase failed to properly address the facts pled in Pinson's complaint under FCRA, its motion to dismiss the FCRA count III must be denied.

### The FCRA Does Not Preempt the Florida Law

Section 1681t(b)(1)(F) came into existence as one of the new provisions in the FCRA amendments, effective September 30, 1997.  While the legislative history and testimony show that Congress did not intend to displace state tort, contract, and common law actions, this section has received limited misinterpretation in select cases.  In fact, this section was only intended to displace and preempt state mini-credit reporting acts (except Massachusetts and California by specific reference) and similar statutory laws designed to address credit reporting functions which are regulated by the FCRA.  Congress bought into industry argument that industry needed several years to try and attain uniformity in practice and upgrades.  Industry wanted a reprieve from the many and varied state laws which had been enacted to gap-fill the many deficiencies in the FCRA, 15 U.S.C. 1681, *et. seq.*

The problem first arose in the *Carney v. Experian*[6] where the court found no private right of action under section 1681s-2(b) and further found no state law claims citing section 1681t(b)(1)(F).  The Carney decision has received much due negative attention and criticism by courts and commentators and has not been followed in its holding regarding 1681s-2(b). Following *Carney v. Experian*, roughly 45 District Courts[7] and two Courts of Appeals, the Fifth and Ninth Circuits, have found a private right of action under section 1681s-2(b).[8] Unfortunately, with regard to section 1681t(b)(1)(F), another court locked onto Carney and, though unnecessary, found that section 1681t(b)(1)(F) preempted state law claims. *Quigley v. Pa. Higher Education Assistance Agency.*

Thereafter, the Eastern District of Pennsylvania, in *Jaramillo v. Experian* faced the issue and the court initially accepted the defendant's position and found that two prior courts accepted the preemption argument.  The court dismissed plaintiff's state law claims.[9]  Plaintiff moved for reconsideration and further briefing occurred, which included the arguments made by plaintiff herein.  The Judge reversed himself though, oddly, the Federal Supplement Reporter system did not report the reversal and has left the reversed ruling on the books.[10]  The court reinstated plaintiff's state law claims which had been rejected under section 1681t(b)(1)(F).

While courts have described the FCRA as "no model of clarity"[11] it seems that section 1681t exceeds the prior benchmark of confusion.  Beginning in 1999, there was a second line of cases which began reporting in stark contrast to *Carney v. Experian*, *supra*. The second line of cases help that section 1681t was nothing more than a provision to preempt state mini-credit

---

[6] 57 F. Supp.2d 496 (U.S.D.C. W.D. Tenn. 1999).

[7] *See, e.g., Johnson v. USA, DOD*, 2000 U.S.Dist. Lexis 21087, cause no. CV99-1699 (U.S.D.C. Minn. 2000); *Whitesides v. Equifax Credit Information Services, et al*, 125 F. Supp.2d 807 and 125 F. Supp.2d 813 (U.S.D.C. W.D. La. 2000); *Campbell v. Baldwin*, 90 F. Supp.2d 754, 756 (U.S.D.C. E.D. Tex. 2000); *Bruce v. First USA Bank*, 103 F. Supp.2d 1135 (U.S.D.C. E.D. Mo. 2000); *DiMezza v. First USA Bank*, 103 F. Supp.2d 1296, 1300 (U.S.D.C. N.M. 2000); *Mandly v. Bank One Dayton*, 2000 U.S.Dist.Lexis 16268 (U.S.D.C. Ariz. 2000); *Dornhecker v. Ameritech Corp.*, 99 F. Supp.2d 918, 927 (U.S.D.C. N.D. Ill. 2000); *Thomasson v. Bank One, Louisiana, N.A.*, 137 F. Supp.2d 721 (U.S.D.C. E.D. La. 2001); *McMillan v. Experian*, 119 F. Supp.2d 84, 88 (U.S.D.C. Conn. 2000); *Olexy v. Interstate Assur. Co.*, 113 F. Supp.2d 1045, 1047-48 (U.S.D.C. S.D. Miss. 2000); *Ryan v. Trans Union Corp.*, 2000 Westlaw 1100440 (U.S.D.C. N.D. Ill. 2000); *Banks v. Stoneybrook Apartment*, 2000 Westlaw 1682979 (U.S.D.C. M.D. N.C. 2000); *Brown v. Maine Medical Center*, 1999 Westlaw 33117137 (U.S.D.C. Me. 1999); *Geeslin v. Nissan Motor Acceptance Corp.*, 1998 Westlaw 433932, at p.3, U.S.Dist.Lexis 11476, (U.S.D.C. N.D. Miss. 1998); *Nicholl v. NationsBank of Georgia*, 488 S.E.2d 751, at 754 (Ga. App.).

[8] The Circuit decisions: *Nelson v. Chase Manhattan Bank*, 282 F.3d 1057 (9th Cir. 2002), and *James Young v. Equifax*, 294 F.3d 631 (5th Cir. 2002). The Nelson decision was followed by another panel of the United States Ninth Circuit Court of Appeals in *Sharron v. NMAC*, 44 Fed.Appx. 157 (9th Cir. 2002)

[9] 155 F. Supp.2d 356 (U.S.D.C. E.D. Pa. 5/21/01).

[10] 2001 U.S.Dist.Lexis 10221(U.S.D.C. E.D. Pa. 6/20/01).

[11] *See, e.g., McAnly v. Middleton & Reutlinger, PSC*, 77 F. Supp.2d 810 (U.S.D.C. W.D. Ky. 1999).

reporting statutes so as to allow the industry a limited window of time to attain uniformity in its practices and avoid the patchwork of state statutes which were necessary to gap fill the FCRA's deficiencies. These courts have refused to dismiss state law and common law claims in the nature of negligent credit reporting,[12] defamation, negligent enablement of the imposter,[13] invasion of privacy, etc.[14]

The Fair Credit Reporting Act does not preempt state or common law claims as long as the state or common law is not inconsistent with the Fair Credit Reporting Act.[15] The Fair Credit Reporting Act does not preempt a state law cause of action for defendant's negligence in communicating erroneous credit data about a consumer.[16]

In further support, courts have uniformly found that the FCRA does not entirely preempt the area of credit reporting. In fact, courts have uniformly rejected creditor's and consumer reporting agencies' arguments that the FCRA bars state law claims. *See Sehl v. Safari Motor Coaches, Inc.*, 2001 U.S.Dist.Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); *Harper v. TRW*, 881 F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); *Rule v. Ford Receivables*, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); *Watkins v. Trans Union*, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); *Swecker v. Trans Union*, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); *Saia v. Universal Card Svc.*, 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue by Discover*, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); *Hughes v. Fidelity Bank*, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989). As succinctly stated by *Sehl v. Safari Motor Coaches, Inc.*, 2001 U.S.Dist.Lexis 12638 (U.S.D.C. N.D. Cal. 2001): "Furnishers are still subject to state statutes which are not inconsistent with the FCRA." The

---

[12] *Amber Dawn Williams v. Experian*, 2002 Westlaw 31133235 (U.S.D.C. E.D. Tex. 8/02) (Judge John Ward), which also adopted the decision in *Whitesides v. Equifax*, 125 F. Supp.2d 807, 813 (U.S.D.C W.D. La. 2000), correcting a misinterpretation of section 1681h(e). In accord: *McAnly v. Middleton & Reutlinger, P.S.C.*, 77 F. Supp. 2d 810, 814-815 (U.S.D.C. W.D. Ky. 1999); *Yeager v. TRW*, 984 F. Supp. 517, 522 (U.S.D.C. E.D. Tex. 1997).

[13] *Brown v. Bank One Corp.*, 2002 U.S. Dist. LEXIS 22692 (U.S.D.C. N.D. Ill. 2002) ("In this case, similarly, Bank One's alleged misconduct in issuing false loans in plaintiffs' names does not raise a challenge to the information supplied to consumer reporting agencies and, thus, is not regulated by the FCRA.")

[14] *Sehl v. Safari Motor Coaches, Inc.*, 2001 U.S.Dist.Lexis 12638 (U.S.D.C. N.D. Cal. 2001); *Whitesides v. Equifax*, 125 F. Supp.2d 807, 813 (U.S.D.C. E.D. Tex. 2000); *Dornhecker v. Ameritech Corp.*, 99 F. Supp.2d 918 (U.S.D.C. N.D. Ill. 2000); *McAnly, supra; Olexy v. Interstate Assur. Co.*, 113 F. Supp.2d 1045 (U.S.D.C. S.D. Miss. 2000); *Mayberry v. Ememessay, Inc.*, 201 F. Supp.2d 687 (U.S.D.C. W.D. Va. 2002); *Johnson v. Federal Express*, 147 F. Supp.2d 1268 (U.S.D.C. M.D. Ala. 2001); *Thomasson v. Bank One, Louisiana, N.A.*, 137 F. Supp.2d 721 (U.S.D.C. E.D. La. 2001); *Amber Dawn Williams, supra* note 7.

[15] *See, e.g., Credit Data of Arizona, Inc. v. State of Arizona*, 602 F.2d 195 (C.A. Ariz. 1979).

[16] *Hughes v. Fidelity Bank*, 709 F. Supp. 639 (U.S.D.C. E.D. Pa. 1989); *Equifax Services, Inc. v. Cohen*, 420 A.2d 189 (Me. 1980), cert. denied, 450 U.S. 916 (1981).

FCRA has not completely preempted the area.

Other Court decisions have found the Fair Credit Reporting Act to be the exclusive remedy only if there is no state statute or common law rights or cause of action. *See*, for example, *Matthews v. GEICO*, 23 F. Supp.2d 1160 (U.S.D.C. S.D. Cal. 1998). The state law claims asserted by plaintiff herein supplement and are not inconsistent (and are consistent) with the express purposes of the Fair Credit Reporting Act. *Retail Credit Co. v. Dade County*, 393 F. Supp. 577 (U.S.D.C. S.D. Fla. 1975); S.Rep.No. 517, 91st Congress 1st Session 8 (November 5, 1969) (". . .No state law would be preempted unless compliance would involve a violation of federal law.")

Yet, despite the weight of authority rejecting defendant Chases's position of preemption of all claims, a couple of courts have chosen to follow the ill founded Carney trail.[17] The misinterpretation of section 1681t(b)(1)(F) adopted by the defense is contrary to the plain language of the section.

### Chase's Arguments for FCRA Preemption Fails

Because Chase failed to properly address the facts pled in Pinson's complaint under FCRA, its motion to dismiss the state law claims under FCRA preemption must be denied.

### False Light can be re-pled as Defamation by Implication (V)

By separate notice to the Court, Pinson, pursuant to 42(a)(2) of the Federal Rules of Civil Procedure voluntarily dismisses this count without prejudice.

### Pinson meets pleading standard for Negligent Training & Supervision (VI)

As discussed supra, Pinson's notice pleading meets pleading standards for Negligent Training & Supervision (VI). As such, Chase's argument fails.

This count could be re-pled as two separate counts if the court deems necessary in the interest of justice, and grants Pinson leave and sufficient time to amend his complaint.

### Reckless and Wanton Training and Supervision (VII)

By separate notice to the Court, Pinson, pursuant to 42(a)(2) of the Federal Rules of Civil Procedure voluntarily dismisses this count without prejudice.

### § 1692b(f) (VIII) and § 1692q (IX)

---

[17] *Aklagi v. NationsCredit Financial Services Corp.*, 196 F. Supp.2d 1186 (U.S.D.C. Kan. 2002) (Court tried to coin section 1681t as an "absolute immunity" provision); *Hasvold v. First USA Bank, N.A.*, 194 F. Supp.2d 1228 (U.S.D.C. Wyo. 2002); and *Vasquez-Garcia v. Trans Union de Puerto Rico*, 2002 Westlaw 31094882 (U.S.D.C. P.R. 2002).

Chase makes the same arguments to FCRA counts XIII & IX, and Pinson addresses in turn.

### 1. During Civil Litigation it is Impermissible to Obtain a Consumer Report

There is no exclusive list of impermissible uses. Instead, there are only limited permissible uses, and any other uses are impermissible.

Generally, a party involved or potentially involved in litigation does not have a permissible purpose to receive a consumer report. FTC Staff Summary § 604(a)(3)(F) item 4A. *See* Press Release, Office of New York Attorney General Andrew Cuomo, Attorney General Cuomo Obtains Compensation for New Yorkers Whose Credit Reports Were Accessed Illegally (Mar. 7, 2007) (announcing settlement against insurance company that unlawfully access reports used in investigating matrimonial matters, insurance claims, and civil litigation), available at www.ag.ny.gov. For example, there is no permissible purpose to obtain a consumer report in tort litigation. FTC Staff Summary § 604(a)(3)(F) item 4B. *See also* Jerison, FTC Informal Staff Opinion Letter (Dec. 12, 1988). Litigation between two parties is not considered itself a business transaction. *See Bakker v. McKinnon*, 152 F.3d 1007 (8th Cir. 1998); *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998); *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264 (9th Cir. 1990).

If a debtor sues the creditor for violation of a federal or state consumer statute, the creditor would not have a permissible purpose for obtaining a consumer report on the plaintiff. *See Slack v. Suburban Propane Partners, L.P.*, 2010 WL 5392845 (D.N.J. Dec. 22, 2010) (allegations that defendant obtained a consumer report one day after plaintiff filed suit against defendant survive motion to dismiss); *Hinton v. USA Funds*, 2005 WL 730963 (N.D. Ill. Mar. 30, 2005) (guarantor of student loan account that was fully paid but still reported as delinquent did not have permissible purpose to access plaintiff's account to assess validity of plaintiff's FCRA claim against creditor). As such, Chase's argument fails.

### Chase's "Natural Person" Argument is Premised on a Fabricated Citation[18] and Fails

---

[18] In footnote 2 of its MTD, "Chase submits sanctions under Fed. R. Civ. P. 11 are appropriate". Pinson has completely addressed *supra* how as pled his complaint statutorily alleges Chase as a "debt collector" under 15 U.S.C. § 1692a(6)'s "false names" sentence. Pinson notes, Chase failed to provide him with the required 21 day advanced safe harbor notice under Rule 11. Pinson also recognizes Rule 11 swings both way, and additionally the Court has an inherent power to sanction.

Here, it appears patently deceptive to Pinson where Chase puts forward what is unquestionably false statement of fact or law before this tribunal to make it's argument. Pinson appends a true and correct copy from Westlaw of the citation referenced to evidence the correct citation and context. *Hunt v. Experian Info. Solutions*, 2006 U.S. Dist. LEXIS 62516 (D. Neb. 2006). Though another court may have ruled based on the false citation, it does not change the facts surrounding the original. This Court has an inherent power to sanction.

Chase's "Natural Person" Argument is Premised on a Fabricated Citation, and Pinson appends a true and correct copy from Westlaw of the citation referenced to evidence the correct citation and context found in *Hunt v. Experian Info. Solutions*, 2006 U.S. Dist. LEXIS 62516 (D. Neb. 2006). In *Hunt*, the correct citation reads

> 15 U.S.C. § 1681 a(d)(1). "Consumer" includes only natural persons, and does not include partnerships, corporations, trusts, estates coops, associations or government entities. *Id.*

Whereas, in their motion to dismiss Chase erroneously puts forward:

> *see* also *Hunt v. Experian Info. Solutions*, 2006 U.S. Dist. LEXIS 62516 (D. Neb. 2006) (recognizing that "'natural persons' [] does not include partnerships, corporations, trusts, estates coops, associations or government entities")

Chase's gerrymandered version is inexplicable. Pinson questions how Chase could put forward a proposition based on case law that it either obviously did not bother to citation check or intentionally put forward a falsity in a zealous effort to defend. In affirming summary judgment for the defense in an employment case, the Fifth Circuit reminded: "Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is 'zealous' to the point of false or misleading statements. A footnote to that reminder noted: "'zealous' is derived from 'Zealots,' the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle." *Branch v. Cemex, Inc.*, No. 12-20472 (March 26, 2013, unpublished). As such, Chase's argument fails.

### Pinson meets Pleading Standards for § 1692b(f) (VIII) and § 1692q (IX)

As discussed *supra*, Pinson's notice pleading meets Pleading Standards for § 1692b(f) (VIII) and § 1692q (IX). As such, Chase's argument fails.

---

Moreover, Chase's counsel has a duties under the rules of professional conduct to avoid putting forward fabricated case law. Such action or inaction violated the Florida Bar Rules of Professional Conduct:
Rule 4-3.1, Meritorious Claims and Contentions - A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.
And, Rule 4-3.3, Candor toward the Tribunal - (a) False Evidence; Duty to Disclose. A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.
This Court has an inherent power to sanction. If the court were to sanction, Pinson prays part of the sanction would be the denial of Chase's motion to dismiss.

**Chase's FCRA § 1692b(f) (VIII) and § 1692q (IX) Arguments Fail**

Because Chase failed to properly address the facts pled in Pinson's complaint, and used
fabricated citations to make an argument under FCRA, its motion to dismiss § 1692b(f) and §
1692q claims under FCRA must be denied.

**FCCPA Is Not Preempted by FCRA  (X)**

As discussed *supra*, the FCRA Does Not Preempt Pinson's Florida Law claims. Pinson's
FCCPA claim mirrors his FDCPA claim violations. The FCCPA is Florida's counterpart to the
FDCPA.  As such, Chase's argument fails and its motion to dismiss FCCPA claims must be
denied.

Moreover, here Chase's proposition reveals yet another of its "false attributions" rendering
its argument before the court "logically fallacious". In Chase's motion to dismiss, pg.14 ¶J,
Chase falsely attributes the terms "duty as a furnisher of information" and "and/or credit
reporting agencies" to Pinson's complaint, where these terms do not appear in his FCCPA count
X. As discussed supra, making such false attribution may be addressed by the court with its
inherent powers. Chases logically fallacious arguments are frivolous and its motion to dismiss
FCCPA claims must be denied.

**Pinson's notice pleading is not a Shotgun Pleading**

As discussed *supra*, Pinson's notice pleading meets Pleading Standards. If the court
determines that in the interest of justice Pinson should incorporate allegations with more
particularity in each count, Pinson prays the court grants him leave and sufficient time to amend
his complaint.

**CONCLUSION**

Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and
common sense", to infer "more than the mere possibility of misconduct", which easily satisfies
his burden of pleading under the FCRA, FDCP A and FCCP A at this pleading stage. *See
Ashcroft v. Iqbal*, 129 S.C. at 1950. Plaintiff has also alleged that he has been damaged by the
Defendant Chase. Plaintiffs claims should therefore survive dismissal.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order denying Defendant Chase's Motion to Dismiss [DE 14] Pursuant to FRCP 12(b)(6); and any other relief as deemed equitable and just. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave and sufficient time to amend his complaint; and any other relief as deemed equitable and just.

Dated: July 18, 2016

Respectfully Submitted,

_____

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed July 18, 2016

_____

John Pinson

### Service List

Brendan I. Herbert, Esq.
Leon Cosgrove LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134

*Attached for Reference only:*
*28 Pages*
*— Hunt v. Experian, 2 pgs.*
*— Hinkle v. Midland 26 pgs.*
*28*

2006 WL 2528531
Only the Westlaw citation is currently available.
United States District Court,
D. Nebraska.

Terri HUNT, Plaintiff,
v.
EXPERIAN INFORMATION SOLUTIONS,
Defendant.

No. 8:05CV58.
|
Aug. 31, 2006.

**Attorneys and Law Firms**

Pamela A. Car, William L. Reinbrecht, Car, Reinbrecht Law Firm, Omaha, NE, for Plaintiff.

Brad A. Sobolewski, Jones, Day Law Firm, Cleveland, OH, William J. Birkel, McGrath, North Law Firm, Omaha, NE, for Defendant.

MEMORANDUM AND ORDER

JOSEPH F. BATAILLON, Chief District Judge.

**\*1** This is an action for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq.* In her Complaint, plaintiff alleges that defendant Experian Information Systems, Inc. ("Experian"), violated the Fair Credit Reporting Act by reporting inaccurate information and failing to properly reinvestigate plaintiff's dispute of the information.

Defendant moves for summary judgment in its favor. It asserts that the FCRA does not afford relief where a consumer entered transactions for business or commercial purposes. Defendant further alleges that the undisputed evidence shows that plaintiff cannot show that defendant's actions caused her damages.

There is no dispute that defendant is a credit reporting agency covered by the Act. 15 U.S.C. § 1681 a(f). There is similarly no dispute that the report maintained by defendant on plaintiff was a report maintained on plaintiff in her individual capacity and was not a commercial credit report. Also, it is undisputed that plaintiff applied

for credit in her individual capacity. The evidence also shows that plaintiff owns four houses and leases them to tenants.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Harder v. ACANDS,* Inc., 179 F.3d 609, 611 (8th Cir.1999). Once a party has filed a motion for summary judgment, the burden shifts to the nonmoving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.' " *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972 (8th Cir.2004) (quoting *Commercial Union Ins. Co. v. Schmidt,* 967 F.2d 270, 271 (8th Cir.1992)). A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.,* 347 F.3d 1041, 1044 (8th Cir.2003). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir.2004).

The FCRA applies to consumers, defined to mean "individuals." 15 U.S.C. § 1681 a(c). Consumer report means:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected ... for the purpose of serving as a factor in establishing the consumer's eligibility for

> (1) credit or insurance to be used primarily for personal, family, or household purposes, or

> **\*2** (2) employment purposes, or

> (3) other purposes authorized under Section 1681 b of this title.

15 U.S.C. § 1681 a(d)(1). "Consumer" includes only natural persons, and does not include partnerships, corporations, trusts, estates coops, associations or government entities. *See* 16 C.F.R. 600, App. § 603(a). A report is a "consumer report" if (1) person who requests it

actually uses it for one of the statutory purposes, or (2) the agency preparing the report expects it to be used for one of the consumer purposes, or (3) the agency which prepared the report originally collected the information expecting it to be used for one of the consumer purposes. *Ippolito v. WNS,* Inc. 864 F.2d 440, 449 (7th Cir.1988).

Under the FCRA, "whether a credit report is a consumer report does not depend solely upon the ultimate use to which the information contained therein is put, but instead, it is governed by the purpose for which the information was originally collected in whole or in part by the consumer reporting agency." *Bakker v. McKinnon,* 152 F.3d 1007, 1012 (8th Cir.2002); *Phillips v. Grendahl,* 312 F.3d 357, 366 (8th Cir.2002) (finding report a consumer report because it was prepared with expectation it would be used for a statutory purpose); *St. Paul Guardian Insurance Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir.1989) (purpose for which information is collected, rather than use to which it is put, governs whether it is a "consumer report"); *Comeaux v. Brown & Williamson Tobacco Co.* 915 F.2d 1264, 1274 (9th Cir.1990) (if a report is provided on reasonable expectation that it will be put to a permissible use under the Act, then it is a "consumer report" and the ultimate use to which it is actually put is irrelevant). Punitive damages as well as actual damages for emotional distress are recoverable under the FCRA. *Phillips,* 312 F.3d at 369; *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834 (8th Cir.1976) (affirming an award of punitive damages on evidence that the defendant "trampled recklessly" on the plaintiff's rights).

The court finds that there is no merit to defendant's contention that plaintiff is not covered under the FCRA because she is engaged in a commercial enterprise. There is no evidence that plaintiff has, or is part of, any type of company, trust, partnership, corporation or other business entity in connection with her rental property. Similarly, there is no evidence that defendant collected the information for any other purpose than those set out in the FCRA, that is, to establish Hunt's eligibility for personal credit or insurance, employment, licensing or other permissible purpose under the Act. Cases to the contrary

are inapposite; they deal with the extension of commercial credit. *See, e.g., Yeager v. TRW, Inc .,* 961 F.Supp. 161, 163 (E.D.Tex.1997) (report issued in response to application for commercial credit); *Wrigley v. Dun & Bradstreet,* 375 F.Supp. 969, 970–71 (N.D.Ga.1974), *aff'd,* 500 F.2d 1183 (5th Cir.1974) (credit report issued on owner of construction company for purpose of extending commercial credit to the company was not covered by the F.C.R.A.); *Sizemore v. Bambi Leasing Corp.,* 360 F.Supp. 252, 254 (N.D.Ga.1973) (FCRA inapplicable to individual denied credit to lease truck for commercial use); *Fernandez v. Retail Credit Co.,* 349 F.Supp. 652, 655 (E.D.La.1972) (report relating to corporate president's application for life insurance not a consumer report where corporation was the sole beneficiary and insurance was necessary for the business to secure a loan, although court stated result might have been different if president's family had been co-beneficiary on the policy).

**\*3** The evidence shows that plaintiff's allegations all relate to credit applied for by plaintiff in her personal capacity. It would have been extended to plaintiff personally, and in reliance on her personal credit report. Plaintiff has also presented evidence that shows that there are genuine issues of material fact with respect to defendant's other assertions. Whether or not defendant employed reasonable procedures to maintain accuracy and prevent error or to conduct reasonable investigations of disputed information is a question of fact. Similarly, whether Experian's action would warrant punitive damages is a question of fact. Accordingly, the defendant's motion for summary judgment will be denied.

IT IS ORDERED that defendant's motion for summary judgment (Filing No. 75) is denied.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 2528531

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

[PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

———————————

No. 15-10398

———————————

D.C. Docket No. 3:13-cv-00033-DHB-BKE

TERI LYNN HINKLE,

Plaintiff – Appellant,

versus

MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, L.L.C.,
ENCORE CAPITAL GROUP, INC.,

Defendants – Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Georgia

———————————

(July 11, 2016)

Before HULL and BLACK, Circuit Judges, and MORENO,[*] District Judge.

———————————

[*] Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

3/28

BLACK, Circuit Judge:

Teri Lynn Hinkle appeals the grant of summary judgment in favor of Midland Credit Management, Inc., Midland Funding, L.L.C., and Encore Capital Group, Inc. (collectively Midland[1]), for claims asserted by Hinkle under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Hinkle claims that Midland erroneously attributed debts to Hinkle, reported the debts to Experian, Equifax, and TransUnion credit reporting agencies (the CRAs), and failed to properly verify the debts when Hinkle disputed their validity. The district court held that no reasonable jury could find that Midland violated the FCRA or the FDCPA with respect to Hinkle. We reverse and remand as to Hinkle's claims under § 1681s-2(b) of the FCRA. We affirm as to all other claims.[2]

## I. BACKGROUND

A consumer debt is created when an entity such as a bank, a credit card company, or a cell phone provider (an "original creditor") extends credit to a

---

[1] Midland Credit Management and Midland Funding are wholly-owned subsidiaries of Encore Capital Group. Midland Funding is a debt buyer that purchases charged-off debt accounts. Midland Credit Management is a debt collector that specializes in servicing debt accounts purchased by Midland Funding.

[2] We conclude that all other claims, including but not limited to claims under § 1681b of the FCRA and §§ 1692d, 1692e, and 1692g of the FDCPA, are dismissed, waived, abandoned, or lack merit. The undisputed facts of this case are sufficient to resolve the controlling issues on appeal. We therefore make no determination as to whether the district court erred in admitting the affidavit of Angelique Ross to authenticate documents Midland relied on at summary judgment.