UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:16-cv-80688-WJZ

JOHN PINSON,

    Plaintiff,
v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

### REPLY IN SUPPORT OF MOTION TO DISMISS VERIFIED COMPLAINT

Defendant JPMorgan Chase Bank, N.A., ("Chase") by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its reply in support of its *Motion to Dismiss Verified Complaint* (ECF No. 14), and in support thereof, states:

### ARGUMENT

**A.    Dismissal of Counts I & II are Appropriate for Failure to Properly Plead**

In *Plaintiff's Opposition to Defendant's Motion to Dismiss* (ECF No. 21) (the "Response") Pinson contends that his complaint satisfies minimum pleading standards. However, this is untrue. Pinson's complaint is a 264-paragraph shotgun pleading that renders both the Court and Chase left to guess the specific causes of action asserted by Pinson, and the facts upon which he predicates those claims. This is particularly true with Counts I and II of his complaint, which Pinson essentially argues Chase misconstrued in its Motion to Dismiss. Any misinterpretation of these counts is justified in light of the way in which they are pled. Pinson should be required to re-plead these causes of action, clearly identifying the section of the statute that he claims Chase violated, and sufficient facts to support his claims. As plead, Counts I & II are little more than conclusory

1

allegations and unwarranted deductions of fact, which are not appropriately taken as true at this stage. *Gersten v. Rundle,* 833 F. Supp. 906, 910 (S.D. Fla. 1993) (citing *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)). And, if he is required to re-plead, Pinson should not be allowed to do so in the form of a shotgun pleading. *See Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210-11 (M.D. Fla. 2005) ("A party may not incorporate all allegations of each count in every successive count. . . . [T]he entirety of the counterclaim will be dismissed as a shotgun pleading."); *see also Obando v. Jones*, 2015 U.S. Dist. LEXIS 88677, at *6 (S.D. Fla. June 16, 2015) ("[T]he leniency afforded to *pro se* litigants does not permit them to file an impermissible 'shotgun' pleading.").

B.     **Count III (FCRA) Fails to Satisfy Minimum Pleading Requirements.**

Count III alleges that Chase violated 15 U.S.C. § 1681s-2(b) by "failing to fully and properly investigate the Plaintiff's disputes regarding the trade line, and/or by reporting inaccurately the results of such investigation." Compl. ¶ 181. As explained in the Motion to Dismiss, the pleading standard established by Rule 8 requires more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In Count III (as with all of his FCRA claims), Pinson fails to provide context or specifics as to the alleged statutory violation he is asserting against Chase. The Court must require Pinson to plead with more specificity as to all elements of his claim, and in a non-shotgun manner, to allow Chase to properly and substantively respond to this claim. Count III must re-plead, at the very least.

C.     **FCRA Preempts Pinson's State Law Claims.**

As explained in Chase's Motion to Dismiss, the state law claims alleged in Count IV of the Complaint arise from Chase's duties as a furnisher of credit information pursuant to section 1681s-

2 of the FCRA. Pinson does not—because he cannot—point to any authority from this Court that would preclude dismissal of Count IV on preemption grounds.

**D.      No Cause of Action for False Light Under Florida Law (Count V).**

Pinson has voluntarily dismissed Count V.

**E.      Pinson Fails to State Negligent Training & Supervision Claims (Count VI).**

As discussed in the Motion to Dismiss, Pinson's Complaint suffers from a wholesale failure to plead the requisite elements of negligent training and supervision, and Count VI warrants dismissal. And, if Pinson is given leave to amend this claim, he must do so properly (if he can), by specifically alleging that he "was harmed as a result of an employer's failure to adequately train an employee, and that the nature of the employment put the plaintiff in a 'zone of risk' such that the employer had a duty running to the plaintiff." *See Adler v. Westjet Airlines, Ltd.*, F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (citing *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) and *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005)). And, to the extent the Court allows amendment of a negligent supervision claim, Pinson must be required to allege with sufficient detail that Chase "had notice that its employee was unfit, but unreasonably failed to investigate the employee and take corrective action." *See id.* (citations omitted). As currently pled, Pinson fails to allege any of these elements. This warrants dismissal.

**F.      No Cause of Action for Reckless & Wanton Training & Supervision (Count VII).**

Pinson has voluntarily dismissed Count V.

G.  **Counts VIII & IX Fail Because (1) a Permissible Purpose Existed to Obtain Pinson's Credit Reports & (2) Pinson Fails to Satisfy Minimum Pleading Requirements[1].**

"[T]o establish a FCRA claim of willful misuse or acquisition of a consumer report, Plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that Defendant used or obtained it, (iii) that Defendant did so without a permissible statutory purpose, and (iv) that Defendant acted with the specified culpable mental state." *John Pinson v. Monarch Recovery Mgmt.*, 2013 U.S. Dist. LEXIS 33971, at *8 (S.D. Fla. March 12, 2013). "[C]ollection of a consumer debt is a permissible purpose under FCRA to acquire a consumer report." *John Pinson v. Collecto, Inc.*, Case No. 12-80404-CIV-Ryskamp/Hopkins (S.D. Fla. Jan. 9, 2013) (dismissing similar claim under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o).

As set forth in Chase's Motion to Dismiss, "collection of a consumer debt is a permissible purpose under FCRA to acquire a consumer report." *Id.* There is no dispute that Pinson has an open account with Chase and that the FCRA contemplates running a credit report on open accounts. *See generally Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009). While Pinson's Response generally alleges that "a party involved or potentially involved in litigation does not have a permissible purpose to receive a consumer report," *see* Response p. 16, none of the cases cited by Pinson stand for the proposition that a creditor owning or servicing an open account during litigation must cease access to that customer's credit report. Counts VIII and IX fail because § 1681b(a)(3)(A) allows for a consumer report that is intended to be used in connection with "the review or collection of an account of the consumer." And § 1681b(a)(3)(F) allows a creditor to pull a consumer report to ensure that a consumer "continues to meet the terms

---

[1] Chase withdraws its "natural person" argument as having been set forth due to technical oversight. However, Pinson's FCRA claims still fail because Chase has a permissible purpose in running credit reports on his account.

4

of the account." And, finally, Pinson's Response does nothing to overcome Chase's dispositive argument that Counts VIII and IX are comprised of little more than boilerplate recitations of elements which are inadequately plead. Counts VIII and IX should be dismissed—at a minimum without prejudice—and Pinson should be required to properly plead the claims.

**H.     FCRA Preempts Pinson's FCCPA Claim (Count X).**

Pinson provides no authority to overcome Chase's contention that dismissal of Count X is appropriate because "the FCRA completely preempts state law claims relating to regulation of that subject matter." *Lopez v. Chase Bank USA, N.A.*, 2014 U.S. Dist. LEXIS 16430, at *8 (M.D. Fla. Feb. 8, 2014). Pinson's FCCPA claim relates solely to credit reporting, is preempted by FCRA, and Count X should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Dated:  August 2, 2016                          Respectfully submitted,

*s/ Brendan I. Herbert*
Scott B. Cosgrove
  Florida Bar No. 161365
Brendan I. Herbert
  Florida Bar No. 0076925
LEÓN COSGROVE LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305-740-1975
Facsimile:   305-437-8158
Email: scosgrove@leoncosgrove.com
Email: bherbert@leoncosgrove.com
Email: anoonan@leoncosgrove.com
Email: jgomez@leoncosgrove.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the foregoing document is being served by U.S. Mail and electronic mail to:

John Pinson, pro se
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

*Pro se Plaintiff*

                                        *s/ Brendan I. Herbert*
                                        Brendan I. Herbert