UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 16-80688-CIV-ZLOCH/HUNT

JOHN PINSON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

**REPORT & RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

This matter is before this Court on Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 14. The Honorable William J. Zloch previously referred this case to the undersigned for a report and recommendation concerning disposition of all dispositive motions. ECF No. 6; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the motion, the response, the reply, the supporting documents, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

**I. Background**

Plaintiff filed this case against Defendant JP Morgan Chase Bank, N.A. ("Chase") on April 29, 2016. In 2005, Chase provided Plaintiff with a mortgage loan in the amount of $207,000. Plaintiff has since defaulted on his repayment obligations.

Plaintiff's Verified Complaint states that the "[a]lleged debt is not in question here." Compl. ¶ 22. It states, "What is in question here are facts as to how it was or was not validated and wrongful actions of the Defendant in an attempts: to collect the alleged debt, to obtain consumer reports on the Plaintiff, and to obtain information on that Plaintiff from the national consumer reporting agencies . . . ." *Id.* Plaintiff alleges that Chase's alleged conduct violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), *inter alia*. In total, his thirty-five page Complaint raises ten (10) counts against Chase, including five state-law claims.

On June 9, 2016, Chase filed a Motion to Dismiss, seeking to dismiss all ten counts. ECF No. 14. This Report and Recommendation addresses the arguments raised in that motion.

II. Analysis

A. FDCPA Claims (Counts 1 and 2)

"The FDCPA imposes civil liability on 'debt collectors' for certain prohibited debt-collection practices." *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, No. 15-11772, 2016 WL 1179877, at *2 (11th Cir. Mar. 28, 2016) (citing *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1299 (11th Cir. 2012)). Chase argues that Plaintiff's FDCPA claims must be dismissed because it is not a "debt collector" under the statute. Chase is correct.

In a prior related case, the Eleventh Circuit Court of Appeals already determined that Chase is not a "debt collector" for purposes of Plaintiff's FDCPA claims against it,

as Chase was the original lender of Plaintiff's loan.[1]  *Id.*  While Plaintiff's current FDCPA claims are perhaps based on slightly different facts, Chase's status as the original lender of Plaintiff's loan has not changed.  Therefore, Counts 1 and 2 should be dismissed with prejudice.  *See id.*

### B. FCRA Claims (Counts 3, 8, and 9)

Counts 3, 8, and 9 each allege a litany of violations of the FCRA by Chase.  As to all three counts, Chase argues that the Complaint fails to satisfy minimum pleading requirements.  After reviewing the Complaint in detail, the undersigned agrees.  There is little to no factual support for any of the allegations in Counts 3, 8, and 9.  This violates the pleading standard for this Court.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007))).

As to Counts 8 and 9, Chase additionally argues that those claims substantively fail because Chase is not a "natural person" and because Chase held a permissible purpose for obtaining Pinson's credit reports.  This argument centers around Plaintiff's allegation that Chase violated the FCRA by obtaining Plaintiff's consumer report on numerous occasions without a permissible purpose.  However, due to the lack of factual

---

[1] "The term 'debt collector' as used in the FDCPA does not include 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person.'" *Pinson*, 2016 WL 1179877, at *2 (alteration in original) (quoting 15 U.S.C. § 1692a(6)(F)).

specificity within Counts 8 and 9, and Plaintiff's related allegations that the reports were also obtained under false pretenses, to which Chase did not specifically respond, the undersigned is unable to fully determine the merits of Chase's argument at this time. Therefore, the undersigned concludes that the proper course of action is to dismiss Counts 3, 8, and 9 without prejudice.

### C. State-Law Claims (Counts 4, 5, 6, 7, and 10)

After the filing of the Motion to Dismiss at issue, Plaintiff voluntarily dismissed Counts 5 and 7 of the Complaint. ECF No. 20; *see* Fed. R. Civ. P. 41(a)(1)(A)(i).

With respect to Counts 4 and 10, Chase argues that Plaintiff's claims are preempted by the FCRA. Count 4 raises a claim for defamation based upon Chase's communications to third parties in connection with the subject loan. *See* Compl. ¶ 196 (incorporating all previously alleged facts); *id.* ¶ 198, 200. Count 10 alleges a violation of the Florida Consumer Collection Practices Act ("FCCPA"), and appears to be based on the same facts as Count 4. *Id.* ¶ 260. The undersigned agrees that both claims are preempted by federal law. *See Davidson v. Capital One, N.A.*, No. 14-20478-CIV, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014); *Lopez v. Chase Bank USA, N.A.*, No. 8:13-CV-1895-T-17MSP, 2014 WL 523475, at *3 (M.D. Fla. Feb. 8, 2014) ("[T]he FCRA completely preempts state law claims relating to regulation of that subject matter." (citing *Osborne v. Vericrest Financial, Inc.*, 2011 WL 1878227, 3 (M.D. Fla. 2011))). Therefore, Counts 4 and 10 should be dismissed with prejudice.

With respect to Count 6, which alleges a cause of action for negligent training and supervision, Chase argues that Plaintiff failed to allege facts sufficient to state a

4

cause of action for either negligent training or negligent supervision. The undersigned again agrees. *See Iqbal*, 556 U.S. at 678. Therefore, the undersigned recommends that Count 6 be dismissed without prejudice.

### III. Recommendation

Accordingly, the undersigned RECOMMENDS GRANTING Defendant Chase's Motion to Dismiss to the extent stated above.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 23rd day of August, 2016.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record