UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 16-80688-CIV-ZLOCH/HUNT

John Pinson,

    Plaintiff

vs

JPMorgan Chase Bank, N.A.

    Defendant    /



FILED BY __MC__
Sep 6, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, John Pinson, pro se who under FRCP Rule 72(b)(2) files the following Objections to the Magistrate Judge's Report & Recommendation ("R & R") entered August 23, 2016, showing the Court as follows.

## OVERVIEW

The Plaintiff pro se John Pinson is a natural person, over 21 who is a resident of Palm Beach County, Florida, and is a consumer as defined by the FDCPA, FCRA and FCCPA.

The Defendant JPMorgan Chase Bank, National Association ("CHASE") is a National Bank, regulated by the Office of the Comptroller of the Currency ("OCC") an independent bureau within the United States Department of the Treasury ("Treasury") that was established by the National Currency Act of 1863 and serves to charter, regulate, and supervise all national banks in the United States. The parent of the Defendant JPMorgan Chase Bank, National Association is JPMorgan Chase & Co. is a publicly held company whose shares are traded on the New York Stock Exchange (NYSE:JPM) and as such is regulated by the U.S. Securities and Exchange Commission (SEC) an agency of the United States federal government created by Securities Exchange Act of 1934 (15 U.S.C. § 78d). The SEC has five divisions and it is the Corporation Finance division that oversees the required disclosures made by public companies such as Defendant JPMorgan Chase Bank, National Association, and the division is also

responsible for operating the EDGAR[1] online database where, in 1984, EDGAR began collecting electronic documents to help investors get information such as lists of subsidiaries.

The Central issue to Plaintiff's complaint is that the Defendant JPMorgan Chase Bank, National Association used names other than it's true name while acting toward the Plaintiff and in doing so violated law as listed in FDCPA, FCRA, and FCCPA as will be detailed. Defendant CHASE in communications directed at Plaintiff has asserted creditor status toward Plaintiff.

Credit reporting is an action of debt collection and is a communication made in connection with the collection of any debt. In Counts 1 & 2, Defendant JPMorgan Chase Bank, National Association erroneously reported a trade line on Plaintiffs TransUnion credit report solely using the name Chase Home Finance LLC instead. Chase does not deny this fact. JPMorgan Chase Bank, National Association and Chase Home Finance LLC are separate and distinct legal entities. JPMorgan Chase Bank, National Association is a national bank regulated by the OCC under the Treasury, whereas Chase Home Finance LLC is a limited Liability Company organized under the laws of Delaware and was registered as a foreign entity in Florida. By using the name Chase Home Finance LLC instead of it's true name JPMorgan Chase Bank, National Association the Defendant violated the FDCPA 15 USC §1692e(14) "The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Defendants argue they are not debt collectors as defined by FDCPA because of the exclusion in 15 USC §1692a(6)f (ii) where the collection "concerns a debt which was originated by such person", yet the plain statutory language of the FDCPA clearly indicated that this exclusion does not apply based on the instant facts here:

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, **the term includes <u>any creditor</u> who**, in the process of collecting his own debts, **<u>uses any name other than his own</u> which would indicate that a third person is collecting or attempting to collect such debts.**
> See 15 USC §1692a(6).

The plain language of the statute indicated "any creditor" who "uses any name other than his own" is a debt collector "[n]otwithstanding the exclusion provided by clause (F)" that the Defendant argues excludes them.

---

[1] https://www.sec.gov/edgar/searchedgar/companysearch.html

Again, considering Plaintiff's facts, no other conclusion than Defendant is a debt collector can be drawn upon a reading of the plain language of the statute. In its entirety 15 USC §1692a(6):

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.** For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
> **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; **(ii) concerns a debt which was originated by such person**; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 USC §1692a(6)

To be clear Defendant reports on Plaintiff's credit files as follows: on TransUnion as Chase Home Finance LLC; on Experian as JPM Chase; and, on Equifax as JPMorgan Chase and as such this is reporting is flawed, inconsistent and contrary to FDCPA and FCRA. At a

minimum on a tri-merge report it would appear to anyone reviewing the report that the Plaintiff has two if not three separate trade lines, where this is not the case and can only be one trade line.

Plaintiff's FCRA claims fall in two categories. First, credit reporting using a false name (Count 3) as outlined *supra*. Second, by obtaining Plaintiff's credit reports using a name other than Defendant's true name (Counts 8 & 9), without a permissible purpose and under false pretenses. Plaintiff will discuss each in turn.

In Count 3, Defendant JPMorgan Chase Bank, National Association erroneously reported a trade line on Plaintiffs TransUnion credit report solely using the name Chase Home Finance LLC instead of Defendant's true name JPMorgan Chase Bank, National Association and failed to correct this error after reinvestigation in violation of 15 USC 1681s-2(b). Per the FCRA, the Plaintiff mailed a written dispute of the accuracy and completeness of the trade line with TransUnion and Credit Reporting Agency ("CRA") TransUnion asked the furnisher of information JPMorgan Chase Bank, National Association to reinvestigate the disputed information. "On or about June 10, 2014 the Plaintiff disputed the reporting of the Chase Home Finance LLC trade line to TransUnion" Compl. 51. Defendant JPMorgan Chase Bank, National Association then reported to TransUnion that the dispute investigation was complete and the information was correct and did not modify, delete, permanently block, or make any correction to the erroneous name reported on the trade line that Plaintiff disputed with CRA TransUnion.

The clear plain language of statute 15 USC 1681s-2(b) states as follows:

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general **After receiving notice** pursuant to section 1681i(a)(2) of this title **of a dispute with regard to the completeness or accuracy of any information provided by a person** to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) **modify** that item of information;
> (ii) **delete** that item of information; or

                (iii) **permanently block** the reporting of that item of information.
(2) Deadline
      A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.
15 USC 1681s-2(b).

      When a furnisher such as Defendant receives notice of a dispute from a CRA, the furnisher must conduct a timely investigation of the disputed information, review all relevant information provided by the CRA, and report the results of the investigation to the CRA. If the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to all other CRAs to which it supplied such information. 15 U.S.C. §§ 1681s-2(b)(1), 1681s-2(b)(2). As noted supra Defendant is reporting a different name on each of the three credit files of Plaintiff with the use of Chase Home Finance LLC on Plaintiff's TransUnion report being a name other than the true name of the alleged creditor.

      There is a FCRA private right of action to sue creditors and other furnishers who fail to comply with these requirements found in 15 U.S.C. § 1681s-2(b). This private right of action is only triggered where a CRA asks the furnisher to reinvestigate, and not where a consumer disputes the information directly with the furnisher. Plaintiff asked the CRA Transunion for an reinvestigation. The reasonableness of a reinvestigation will depend on the circumstances and is a question for the trier of fact, which is the jury in this jury demand complaint. Reporting inconsistent results and remedial instructions to different CRAs indicates negligence. Defendants failed to make corrections after the reinvestigation and continue to report a false name on Plaintiff's TransUnion consumer file giving rise to Plaintiff's claim in Count 3.

      In Counts 8 & 9, Defendant JPMorgan Chase Bank, National Association obtained Plaintiff's consumer reports from CRA Experian no less than twenty occasions, as delineated in Plaintiff's complaint, utilizing names other than Defendants true name JPMorgan Chase Bank, National Association and utilizing the names including Chase Bank USA NA and Chase MTG. Chase does not deny this fact. JPMorgan Chase Bank, National Association and Chase Bank USA NA are not one and the same but are separate and distinct legal entities. JPMorgan Chase Bank, National Association is a national bank regulated by the OCC under the Treasury, whereas Chase Bank USA NA is a separate national bank entity also regulated by the OCC under the

Treasury; Chase MTG is an unknown entity and is not registered with the OCC, not registered with the Florida Department of Corporations, and not disclosed on the Defendants 10-K schedule 21 "List of Subsidiaries" as found on the SEC's EDGAR online database.

In particular, in Count 8 Plaintiff alleges Defendant obtained such reports without a permissible purpose as defined in the FCRA in violation of 15 USC §1681b(f). Plaintiff did not authorize Chase Bank USA NA and/or Chase MTG to obtain his consumer reports and Plaintiff did not authorize Defendant to obtain his consumer reports utilizing the names Chase Bank USA NA and Chase MTG, and Defendant did not identify itself per §1681b(f) and §1681e(a).

The clear plain language of statute 15 USC 1681b(f) states as follows:

> (f) Certain use or obtaining of information prohibited  A person shall not use or obtain a consumer report for any purpose unless—
>    (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>    (2) the purpose is **certified in accordance with section 1681e** of this title by a prospective user of the report through a general or specific certification.

15 USC 1681b(f).

In pertinent part 15 USC 1681e(a) states:

> … These procedures shall **require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.** …

15 USC 1681e(a)

Defendant as a user did not identify themselves correctly. What permissible purpose did the defendant have to obtain reports using names other than it's true name where information must be displayed on reports with the highest accuracy. Why did Defendant utilize a name other than its true name. Plaintiff contends this is because Plaintiff and Defendant were in civil litigation and case law shows it is impermissible for a creditor to obtain a consumer report for civil litigation or settlement purposes. To obtain a report the users name must be certified. Defendant does not argue they did not obtain Plaintiff's reports on the alleged dates or utilizing names other than Defendant's true name, which is equivocal to admitting they did obtain the reports on said dates with said false name representations. The FCRA requires the party obtaining the reports certify their name and use, thus using another name for the certification is a false certification and impermissible purpose in violation of FCRA 15 USC 1681b(f).

In particular, in Count 9 Plaintiff alleges Defendant obtained such reports under false pretenses as defined in the FCRA in violation of 15 USC §1681q by falsely utilizing names other than it's true name.

The clear plain language of statute 15 USC 1681q states as follows:

> **Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined** under title 18, imprisoned for not more than 2 years, or both.

15 USC 1681q.

There are ample Supreme Court cases to show Corporate Personhood. Obviously a corporate entity cannot be imprisoned but can be subject to a statutory fine or other file allowable by statute.

Why did Defendant utilize a name other than its true name to obtain Plaintiff's consumer report from Experian. Plaintiff contends this is because Plaintiff and Defendant were in civil litigation and case law shows it is impermissible for a creditor to obtain a consumer report for civil litigation or settlement purposes. As noted *supra*, to obtain a report the users name must be certified. Defendant does not argue they did not obtain Plaintiff's reports on the alleged dates or utilizing names other than Defendant's true name, which is equivocal to admitting they did obtain the reports on said dates with said false name representations. To use a false name to obtain a credit report is to utilize false pretenses to obtain the credit report and violates the FCRA as defined in 15 USC 1692q.The FCRA requires the party obtaining the reports certify their name and use, thus using another name for the certification is a false certification and this false certification is the use of a false pretense in violation of FCRA 15 USC 1681q.

## PROCEDURAL POSTURE

On May 5, 2015, the Plaintiff files his Ten count Thirty -Five page complaint [DE 01]. On June 9, 2016 the Defendant filed it's Fifteen page Motion to Dismiss [DE 14]. On July 18, 2016 the Plaintiff dropped counts 5 & 7 of his complaint without prejudice [DE 20] and filed his Nineteen page Opposition to Defendants Motion to Dismiss with supporting cases for the courts convenience [DE 22]. On August 2, 2016 Defendant filed a Six page Reply brief [DE 25]. On August 23, 2016, the Court issued a Five page Magistrate's Report and Recommendation ("R&R") on Defendant's Motion to Dismiss [DE 26].

The Plaintiff objects to the R&R for the reasons that follow. The R&R fails to provide sufficient analysis of the Plaintiff's assertions in his complaint, fails to view Plaintiff's detailed factual allegations as incorporated into the counts in the light most favorable to Plaintiff, fails to fully consider plaintiff's opposition to Defendants motion and the arguments contained therein. Plaintiff has provided an overview of his case *supra* for this Court's *de novo* review.

## OBJECTIONS WITH ARGUMENT AND CITATION OF AUTHORITY

### I. De Novo Review of Magistrate Judge's Recommendations.

This Court considers the merits of a motion to dismiss on a *de novo* basis when a magistrate judge's recommendations have been objected to by a party. FRCP 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Plaintiff *pro se* objects to the magistrate judge's recommendations, for the following specific reasons, and requests a de novo determination of its response and opposition to Defendants' motion to dismiss. The following objections do not simply repeat Plaintiff's previously made arguments, but rather respond to the magistrate judge's recommendations.

### II. Plaintiff Objects to the Magistrate Judge's Recommendation that the Defendant "Chase is not a debt collector"

"[F]or the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a 'debt collector'; and (2) the communication must have been made in connection with the collection of any debt." *Lara v. Specialized Loan Servicing, LLC*, 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013). Here, Chase is a "debt collector" as discussed *supra*, and its credit reporting is an act of debt collection. "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010). "the Court finds that Midland was engaged in "collection of the debt" ... when it reported Edeh's disputed debt to the [credit reporting agencies]" Id.

Four types of businesses listed in the section 1692a(6)(F) exclusions are brought within the coverage of the Act by this provision if these types of businesses use false collection names. Creditors Using False Names Are "Debt Collectors," 15 U.S.C. § 1692a(6):

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term ["debt collector"] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.[2]

This sentence of the FDCPA makes any creditor, even a original creditor, subject to the Act when it uses a name other than its own which indicates the involvement of a third-party collector[3], or uses a third party's name in its collection efforts. *See Pimental v. Wells Fargo Bank*, 2015 WL 5243325 (D.R.I. Sept. 4, 2015) (Wells Fargo Bank's use of the name "America's Servicing Company" while servicing a mortgage makes itself a "debt collector" under FDCPA) ; *Torres v. Am. Tel. & Tel. Co.*, 1988 WL 121547 (N.D. Ill. Nov. 9, 1988) (telephone company would be debt collector if it used false name).

Use of a false name is a per se violation of the Act. 15 U.S.C. § 1692e(14).

Certainly a triable issue of fact exists on the question of whether the false name used by Defendant sufficiently disclosed the trade line was reported by the Defendant and not the entity falsly named. *See Goslee v. Franklin Mint Corp.*, 1998 WL 151807 (E.D. Pa. Mar. 31, 1998) (triable issue of fact existed as to whether debt collection notices sufficiently disclosed that their source was creditor).

Because of these instructive legal conclusions and statutory reference, which when applied to the instant matter show Defendant JPMorgan Chase Bank, National Association is a debt collector as defined by 15 U.S.C. § 1692a(6), the Court should reject the Magistrate Judge's recommendation that the "Chase is not a debt collector".

---

[2] 15 U.S.C. § 1692a(6). The "false names" sentence first appeared in House Consumer Affairs Subcommittee prints in April 1976. It was present in all the major Senate bills.
[3] See Catencamp v. Cendant Timeshare Resort Group-Consumer Fin., Inc., 471 F.3d 780 (7th Cir. 2006);;; Torres v. Am. Tel. & Tel. Co., 1988 WL 121547 (N.D. Ill. Nov. 9, 1988) (telephone company would be debt collector if it used false name).

### III. Plaintiff Objects to the Magistrate Judge's Recommendation that "Plaintiff's current FDCPA claims are perhaps based on slightly different facts"

Plaintiff clearly addresses his previous court action against the Defendant:

> The parties in this action were involved in previous litigation in this court: Pinson v. JPMorgan Chase Bank NA et al. Case No.: 9:13-cv-80720 KAM and the action contained one FDCPA count for which the Court ruled with summary judgment [DE 126, 127] in favor of the Defendant on March 23, 2015.
> *Compl.* ¶ 37

Plaintiff also clearly indicated a separate nucleus of operative facts:

> The operative fact giving rise to the alleged FDCPA violations in the instant complaint occurred on April 30, 2015, after judgment in the previous action, and this action has a separate and distinct nucleus of operative facts from the previous action.
> *Compl.* ¶ 38

The operative facts are substantially different here. In the previous complaint Plaintiff argued Defendant was not the original lender and did not have creditor status, and that the Defendant and its agents sent offensive and threatening communications and sent agents to confront Plaintiff. And those events took place in 2012. Here the Plaintiff contends the Defendant reported on Plaintiffs TransUnion consumer report a trade line utilizing a false name in 2015 and in doing so violated the FDCPA as discussed *supra*. This separate and distinct fact pattern renders even an original lender status as debt collector under the FDCPA. Chase does not dispute it's assertions of creditor status toward Plaintiff. The only commonalities are the parties and the statute, but the construction of the operative facts yields a different result of debt collector status.

The Act extends to a creditor who "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" *Catencamp v. Cendant Timeshare Resort*, 471 F.3d. 780 (7th Cir. 2006). In *Catencamp* the Seventh Circuit held that a creditor sending a letter that appeared to be from a third-party debt collector became a "debt collector" subject to all of the FDCPA's requirements.

*In Lester E. Cox Med., Springfield, MO. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005), the Eighth Circuit affirms district court finding that the creditor was a debt collector that participated in interstate commerce under 15 U.S.C. § 1692a and that it used a false and misleading name to collect its debts in violation of the anti-fraud provisions of 15 U.S.C. § 1692e(14) of the

FDCPA., and the Defendants reporting of a trade line is debt collection. "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Management, Inc.*, 748 F. Supp. 2d 1030 (D. Minn. 2010).

Because of these instructive legal conclusions and statutory reference, which when applied to the instant matter show a fact pattern substantially separate and distinct from the previous litigation, the Court should reject the Magistrate Judge's recommendation that the "Plaintiff's current FDCPA claims are perhaps based on slightly different facts".

### IV. Plaintiff Objects to the Magistrate Judge's Recommendation that as to the FCRA claims "the Complaint fails to satisfy minimum pleading requirements."

Plaintiff complaint is a notice pleading. Plaintiff detailed paragraphs 17 to 156 of his complaint detailed factual allegations of the events that lead to this action. Plaintiff incorporated by reference these factual allegations into the counts. If the Court determines that Plaintiff should have individually typed in each factual allegation in each count, the Plaintiff argues he should be permitted to amend his complaint, as he did request in his opposition to Defendant's motion to dismiss.

Plaintiff requested in the wherefore paragraph of his opposition paper that "In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave and sufficient time to amend his complaint; and any other relief as deemed equitable and just." [DE 22]. The R&R fails to address Plaintiff's request to amend his complaint. Plaintiff has so far not amended his complaint in this action.

Plaintiff should be allowed to amend his complaint. The Fair Credit Reporting Act was enacted to protect consumers/plaintiffs from the consumer reporting agencies/furnishers/users/defendants, not vice-versa. The FCRA is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.); *Klapper v. Shapiro,* 586 N.Y. S.2d 846 (N.Y. Sup. 1992); *Kates v. Croker Nat. Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995); *Litschitz v. American Express Co.*, 560 F. Supp. 458 (U.S.D.C. Pa. 1983); Jones v. Federated Fin. Res. Corp., 144 F.3d 961 (6th Cir. 1998) (Mich.).

Like the FCRA, the remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir.

2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (20th Cir. 2002).

In *Nichols v. NIAGARA CREDIT RECOVERY, INC.*, Dist. Court, ND New York 2013, the Plaintiff is faced with a 12(b)(6) motion to dismiss, just as in the instant matter. In *Nichols*,

> It has long been "well-established that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (*quoting Nagler v. Admiral Corporation*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). Leave to amend a pleading need not be granted, however, if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (*citing Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)). Nichols
> In the present matter, the Court finds that it is not clear at this point whether amendment would be futile; and, therefore, Plaintiffs will be afforded an opportunity to amend their complaint. Plaintiffs shall have twenty (20) days from the date of this Memorandum-Decision and Order to file their amended complaint.

*Nichols v. NIAGARA CREDIT RECOVERY, INC.*, Dist. Court, ND New York 2013

In *LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185 - Court of Appeals, 11th Circuit 2010, the Court found the FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute. See 15 U.S.C. § 1692k; *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir.2010).

Because of these instructive legal conclusions, which when applied to the instant matter show the FCRA and FDCPA should be construed liberally, the Court should reject the Magistrate Judge's recommendation that the "the Complaint fails to satisfy minimum pleading requirements" and allow Plaintiff the opportunity and sufficient time to amend his complaint.

**V. Plaintiff Objects to the Magistrate Judge's Recommendation that "due to the lack of factual specificity within Counts 8 and 9 and Plaintiff's related allegations that the reports were also obtained under false pretenses, to which Chase did not specifically respond, the undersigned is unable to fully determine the merits of Chase's argument at this time. Therefore, the undersigned concludes that the proper course of action is to dismiss Counts 3, 8, and 9 without prejudice."**

Plaintiff asserts he has pled sufficient facts *supra*. Because Defendant Chase failed to respond to the false pretenses count 9, Plaintiff contends the proper course would not be to

dismiss this count. Yet, the R&R indicates counts 3, 8, and 9 be dismissed without prejudice, and because of this Plaintiff asserts that the opportunity and sufficient time to amend would be proper.

**VI. Plaintiff Objects to the Magistrate Judge's Recommendation regarding counts 4 & 10 that "The undersigned agrees that both claims are preempted by federal law."**

As succinctly stated by *Sehl v. Safari Motor Coaches, Inc.,* 2001 U.S.Dist.Lexis 12638 (U.S.D.C. N.D. Cal. 2001): "Furnishers are still subject to state statutes which are not inconsistent with the FCRA." The FCRA has not completely preempted the area.

Other Court decisions have found the Fair Credit Reporting Act to be the exclusive remedy only if there is no state statute or common law rights or cause of action. See, for example, *Matthews v. GEICO,* 23 F. Supp.2d 1160 (U.S.D.C. S.D. Cal. 1998). The state law claims asserted by plaintiff herein supplement and are not inconsistent (and are consistent) with the express purposes of the Fair Credit Reporting Act. *Retail Credit Co. v. Dade County,* 393 F. Supp. 577 (U.S.D.C. S.D. Fla. 1975); S.Rep.No. 517, 91st Congress 1st Session 8 (November 5, 1969) ("...No state law would be preempted unless compliance would involve a violation of federal law.")

The misinterpretation of section 1681t(b)(1)(F) adopted by the defense is contrary to the plain language of the section.

Because of these instructive legal conclusions, which when applied to the instant matter show the FCRA does not preempt state law claims in counts 4 & 10, the Court should reject the Magistrate Judge's recommendation that "[t]he undersigned agrees that both claims are preempted by federal law" and allow Plaintiff the opportunity and sufficient time to amend his complaint.

**VII. Plaintiff Objects to the Magistrate Judge's Recommendation that "Plaintiff failed to allege facts sufficient to state a cause of action for either negligent training or negligent supervision"**

Again, Plaintiff filed a notice pleading.

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a);

*Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Hrubec v. Nat. R. Pass. Corp.*, 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1*, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company*, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v. Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. *Id.* Plaintiff need not specify under what law(s) his case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987).

  Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. Fed.R.Civ.Proc. 8.

  The R&R suggests that count 6 be dismissed without prejudice, and Plaintiff argues it would be proper to afford the Plaintiff the opportunity and sufficient time to amend his complaint.

  Because of these instructive legal conclusions, which when applied to the instant matter show the does not need to set out complete facts that would only be identifiable through discovery in count 6, the Court should reject the Magistrate Judge's recommendation that Plaintiff failed to allege facts sufficient to state a cause of action for either negligent training or negligent supervision" and allow Plaintiff the opportunity and sufficient time to amend his complaint.

**Wherefore**, for the foregoing reasons Plaintiff pro se prays that this Court reject the Magistrate Judge's recommendations and deny Defendants Motion to Dismiss. In the alternative, if the Court determines Plaintiff pro se has failed to state a claim, Plaintiff pro se asks the Court to grant leave and sufficient time to amend his complaint.

Dated: September 6, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 6, 2016

John Pinson

**Service List**

Brendan I. Herbert, Esq.
bherbert@leoncosgrove.com
Leon Cosgrove LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Tel. 305-740-1975
Fax. 305-437-8158
*Attorney for Defendant:*
JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 16-80688-CIV-ZLOCH/HUNT

JOHN PINSON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## REPORT & RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

This matter is before this Court on Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 14. The Honorable William J. Zloch previously referred this case to the undersigned for a report and recommendation concerning disposition of all dispositive motions. ECF No. 6; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the motion, the response, the reply, the supporting documents, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

### I. Background

Plaintiff filed this case against Defendant JP Morgan Chase Bank, N.A. ("Chase") on April 29, 2016. In 2005, Chase provided Plaintiff with a mortgage loan in the amount of $207,000. Plaintiff has since defaulted on his repayment obligations.

Plaintiff's Verified Complaint states that the "[a]lleged debt is not in question here." Compl. ¶ 22. It states, "What is in question here are facts as to how it was or was not validated and wrongful actions of the Defendant in an attempts: to collect the alleged debt, to obtain consumer reports on the Plaintiff, and to obtain information on that Plaintiff from the national consumer reporting agencies . . . ." *Id.* Plaintiff alleges that Chase's alleged conduct violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), *inter alia*. In total, his thirty-five page Complaint raises ten (10) counts against Chase, including five state-law claims.

On June 9, 2016, Chase filed a Motion to Dismiss, seeking to dismiss all ten counts. ECF No. 14. This Report and Recommendation addresses the arguments raised in that motion.

II. **Analysis**

   A. **FDCPA Claims (Counts 1 and 2)**

"The FDCPA imposes civil liability on 'debt collectors' for certain prohibited debt-collection practices." *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, No. 15-11772, 2016 WL 1179877, at *2 (11th Cir. Mar. 28, 2016) (citing *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1299 (11th Cir. 2012)). Chase argues that Plaintiff's FDCPA claims must be dismissed because it is not a "debt collector" under the statute. Chase is correct.

In a prior related case, the Eleventh Circuit Court of Appeals already determined that Chase is not a "debt collector" for purposes of Plaintiff's FDCPA claims against it,

2

as Chase was the original lender of Plaintiff's loan.[1] *Id.* While Plaintiff's current FDCPA claims are perhaps based on slightly different facts, Chase's status as the original lender of Plaintiff's loan has not changed. Therefore, Counts 1 and 2 should be dismissed with prejudice. *See id.*

### B. FCRA Claims (Counts 3, 8, and 9)

Counts 3, 8, and 9 each allege a litany of violations of the FCRA by Chase. As to all three counts, Chase argues that the Complaint fails to satisfy minimum pleading requirements. After reviewing the Complaint in detail, the undersigned agrees. There is little to no factual support for any of the allegations in Counts 3, 8, and 9. This violates the pleading standard for this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that "only a complaint that states a plausible claim for relief survives a motion to dismiss" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007))).

As to Counts 8 and 9, Chase additionally argues that those claims substantively fail because Chase is not a "natural person" and because Chase held a permissible purpose for obtaining Pinson's credit reports. This argument centers around Plaintiff's allegation that Chase violated the FCRA by obtaining Plaintiff's consumer report on numerous occasions without a permissible purpose. However, due to the lack of factual

---

[1] "The term 'debt collector' as used in the FDCPA does not include 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person.'" *Pinson*, 2016 WL 1179877, at *2 (alteration in original) (quoting 15 U.S.C. § 1692a(6)(F)).

3

specificity within Counts 8 and 9, and Plaintiff's related allegations that the reports were also obtained under false pretenses, to which Chase did not specifically respond, the undersigned is unable to fully determine the merits of Chase's argument at this time. Therefore, the undersigned concludes that the proper course of action is to dismiss Counts 3, 8, and 9 without prejudice.

### C. State-Law Claims (Counts 4, 5, 6, 7, and 10)

After the filing of the Motion to Dismiss at issue, Plaintiff voluntarily dismissed Counts 5 and 7 of the Complaint. ECF No. 20; see Fed. R. Civ. P. 41(a)(1)(A)(i).

With respect to Counts 4 and 10, Chase argues that Plaintiff's claims are preempted by the FCRA. Count 4 raises a claim for defamation based upon Chase's communications to third parties in connection with the subject loan. See Compl. ¶ 196 (incorporating all previously alleged facts); id. ¶ 198, 200. Count 10 alleges a violation of the Florida Consumer Collection Practices Act ("FCCPA"), and appears to be based on the same facts as Count 4. Id. ¶ 260. The undersigned agrees that both claims are preempted by federal law. See Davidson v. Capital One, N.A., No. 14-20478-CIV, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014); Lopez v. Chase Bank USA, N.A., No. 8:13-CV-1895-T-17MSP, 2014 WL 523475, at *3 (M.D. Fla. Feb. 8, 2014) ("[T]he FCRA completely preempts state law claims relating to regulation of that subject matter." (citing Osborne v. Vericrest Financial, Inc., 2011 WL 1878227, 3 (M.D. Fla. 2011))). Therefore, Counts 4 and 10 should be dismissed with prejudice.

With respect to Count 6, which alleges a cause of action for negligent training and supervision, Chase argues that Plaintiff failed to allege facts sufficient to state a

cause of action for either negligent training or negligent supervision. The undersigned again agrees. See *Iqbal*, 556 U.S. at 678. Therefore, the undersigned recommends that Count 6 be dismissed without prejudice.

### III.   Recommendation

Accordingly, the undersigned RECOMMENDS GRANTING Defendant Chase's Motion to Dismiss to the extent stated above.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 23rd day of August, 2016.

*[signature]*

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record