UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-80688-COOKE/HUNT

**JOHN PINSON**,

    **Plaintiff,**

v.

**JP MORGAN CHASE BANK, N.A.**

    **Defendant.**

_____/

**STIPULATED ORDER OF CONFIDENTIALITY**

**THIS CAUSE** came before the Court on the agreement of the parties. Plaintiff, JOHN PINSON, and Defendant, JPMORGAN CHASE BANK, N.A., (collectively, the "Parties") to the entry of this Stipulated Order of Confidentiality. It is hereby

**ORDERED AND ADJUDGED** that:

1. In connection with the above-captioned action, the Parties have sought or will seek discovery that a party may assert contains confidential information (hereinafter, such information is referred to as "Confidential Information") or such information may be filed, served, or otherwise provided.

2. Each Party shall have the right to designate as containing Confidential Information all or any part of any material produced in discovery that it believes in good faith contains Confidential Information.

3. This order shall apply to all documents containing Confidential Information that are produced in discovery in this action and portions of transcripts of any depositions in this action disclosing Confidential Information (hereinafter, the foregoing are referred to as "Materials").

4.       Materials designated confidential shall be marked confidential by marking or stamping the front page of any such document "Confidential." In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged. If part, but not all, of Materials contain Confidential Information, the numbers of the pages which are believed to contain such protectable information shall be indicated next to the "Confidential" mark or stamp.

5.       With respect to deposition testimony that constitutes or references Confidential Information, portions of the testimony may be designated Confidential Information not later than 30 days after the deposition. Until the thirty-day period has expired, the entire transcript or videotape shall be deemed to have been designated Confidential Information. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph where an expedited filing of a designated portion of the deposition transcript is required.

6.       All Materials marked or designated as Confidential shall only be used for the purposes of this action. Except as otherwise provided in this or subsequent Court orders, Materials marked or designated as Confidential shall not be disclosed or shown to anyone other than: (1) The parties and the employees of such parties (or the parent or beneficial owner of such party); (2) Outside counsel for the parties and the employees of such attorneys; (3) Inside counsel for each party and the employees of such attorneys;  (4) Experts or consultants retained by the Parties in preparation for and/or the trial of this action or for consultation (e.g. non-testifying experts) and their staff; (5) The Court or persons employed by the Court or the Clerk of the Court;  (6) Persons who were the authors or recipients of the documents in the ordinary course of business; (7) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the supplying party after written notice to all parties and an opportunity to object is

given; (8) deponents; and (9) court reporters.

7.  If one or more of the Parties desires to provide Confidential Information to someone other than someone described above, and all the other Parties do not agree, the Party seeking to provide Confidential Information shall seek an order of the Court and not provide such information until after the entry of any order.

8.  Each person given access to Materials marked or designated as Confidential shall be advised that the Materials marked or designated as Confidential, or deemed to have been designated as containing Confidential Information and treated as if marked or designated Confidential pursuant to Paragraph 4, above, are being disclosed pursuant and subject to the terms of this Order, and may not be disclosed other than as authorized by this Order. Prior to disclosure of any Materials marked or designated Confidential, each such person to whom such disclosure is to be made, with the exception those identified in paragraph 6, shall first: (a) be provided with this order; and (b) sign a copy of the Confidentiality Agreement, annexed as Exhibit A. The signed Confidentiality Agreement shall be retained by counsel for the party seeking to use or disclose the Materials marked or designated as Confidential Information.

9.  Materials filed with the Court shall redact all social security numbers, and, subject to paragraph 10, below no further order is necessary for a Party to be permitted to file an exhibit with social security numbers redacted.

10. In the event a Party intends to file Materials marked or designated as Confidential, it shall file such Materials in redacted form and email the unredacted filing to cooke@flsd.uscourts.gov and hunt@flsd.uscourts.gov. The designating party shall then have three business days to file a motion for leave for the filing party to file under seal pursuant to Local Rule 5.4 and the designating party shall otherwise diligently follow the procedures outlined in the rule.

If the designating party's motion is granted, the filing party shall re-file the filing at issue in unredacted form under seal within two business days of the ruling. If the designating party's motion is denied, the filing party shall, to the extent allowed by Rule 5.2 of the Federal Rules of Civil Procedure, publicly re-file the filing at issue in unredacted form within two business days of the ruling. If the designating party's motion is granted in part and denied in part, the Court's order will instruct the filing party how to proceed. A designating party shall have the sole burden of demonstrating that a "Confidential" designation is proper and warrants a sealed filing.

11. A party shall not be obligated to challenge the propriety of a designation of Materials as containing Confidential Information and failure to do so shall not preclude a later challenge to such designation. If any party to this action objects, at any stage of the proceedings, to the designation of Materials as Confidential the Parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court to remove the confidential designation. The supplying party seeking to maintain the confidentiality of the Materials shall have the burden of establishing that Materials are entitled to confidential treatment. If an application to the Court is made, the Materials shall continue to be treated as confidential until the Court enters an order determining otherwise.

12. This order shall not be construed as a waiver by any party of: (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law.

13. Nothing in this order shall prohibit disclosure of Confidential Information produced by or obtained from any Party in this action in response to compulsory process or the process of any government regulatory agency. If any party is served with such process, that Party shall give

the supplying Party reasonable notice of such process in writing, and shall take all reasonable steps to refrain from responding to such process until after the supplying party so notified has had a reasonable opportunity to take steps to ensure the continued confidentiality of the requested Materials that contain Confidential Information.

14. This order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information, affects the admissibility of any evidence, or the use of any transcripts of the testimony of any trial. The procedures to govern the use and disclosure of Confidential Information and the redaction of any Confidential Information designation may be the subject of further agreement of the Parties or order of the Court.

15. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

16. The terms of this order shall survive the entry of judgment in this action and shall continue until released in writing by the supplying party.

**DONE AND ORDERED**, in chambers, at Miami, Florida, this the _____ day of_____, 2020.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

Counsel of record

## CONFIDENTIALITY AGREEMENT

I have read and understand the terms of the Stipulated Order of Confidentiality entered on _____, 20\_\_ ("Confidentiality Order") by the Court in the case, John Pinson v. JPMorgan Chase Bank, NA  a copy of which has been delivered to me to keep with my copy of this Confidentiality Agreement. I agree to (i) be bound by all of the terms of the Confidentiality Order, (ii) not use any Materials marked or designated Confidential that are disclosed to me except for the purposes of this litigation and except as allowed under the terms of the Confidentiality Order, and (iii) otherwise comply with the terms of the Confidentiality Order.

Dated:  _____

_____
Signature

_____
Printed Name

Exhibit A